

IN THE
TENTH COURT OF APPEALS

No. 10-08-00236-CR

JOSEPH CLYDE FORD,

                                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                                    Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2008-190-C1

O P I N I O N

Joseph Clyde Ford was convicted of failing to comply with the sex offender registration program. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(c) (Vernon 2006). He was sentenced to 25 years in prison. Because the evidence was both legally and factually sufficient to support the conviction, the trial court did not err in admitting an extraneous conviction, the trial court did not err in denying a mistake of fact instruction, and Ford was not sentenced in excess of the statutory maximum sentence, the trial court's judgment is affirmed.

## BACKGROUND

Ford was a convicted sex offender who was required to comply with the registration requirements of the Sex Offender Registration Program. TEX. CODE CRIM. PROC. ANN. art. 62.051 (Vernon Supp. 2009). Generally, he was required to inform local authorities of his address and inform them of when he moved. Ford had been living in Waco when he moved to Elm Mott. He rented a space for a travel trailer. He also registered his move with McLennan County. When he failed to pay his rent, he was evicted and his trailer was removed. Two weeks after the removal of his trailer, Ford approached his landlord and questioned him about the location of the trailer. Ford registered his move to a shelter in Waco but not until two weeks after the removal of his trailer from the lot in Elm Mott.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Ford contends the evidence is both legally and factually insufficient to support his conviction. Specifically, Ford argues that the State did not prove he knew he was going to move, that it was seven days before the move, and that he knew, prior to the move, to where he was going to move. He also argues that there was no evidence, or insufficient evidence, that he intentionally, knowingly, or recklessly did not register before moving.

In reviewing the legal sufficiency of the evidence, this Court looks at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *Bigon*

*v. State*, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008). In a factual sufficiency review, the appellate court views the evidence in a neutral light and asks whether the evidence supporting the verdict is so weak or so against the great weight and preponderance of the evidence as to render the verdict manifestly unjust. *Steadman v. State*, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); *Grotti v. State*, 273 S.W.3d 273, 283 (Tex. Crim. App. 2008). With either review, the jury is the exclusive judge of a witness's credibility. *See Goodman v. State*, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).

A person commits the offense of failure to comply with the requirements of the Sex Offender Registration Program if the person is required to register and fails to comply with any requirement of the Program. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a) (Vernon 2006). As a requirement of the Program, article 62.055(a) provides;

> If a person required to register under this chapter intends to change address, . . . the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority by the department . . . and provide the authority and the officer with the person's anticipated move date and new address.

*Id*. art. 62.055(a) (Vernon Supp. 2009).

There was no dispute about whether Ford was required to register. There was also no dispute that Ford registered with McLennan County when he moved from Waco to Elm Mott and placed a travel trailer on a rented lot. The dispute centers around Ford's forced removal from the lot in Elm Mott.

Ford's theory at trial was that he moved unexpectedly when he noticed his travel trailer was gone and registered his new address as soon as he had one. However, there

was testimony that contradicted Ford's theory. Ford had not paid his rent for the lot which his trailer occupied and a judgment of eviction was entered on August 30, 2007. Ford was present at the eviction hearing. Although Ford testified that he spoke with his landlord at the hearing about paying the past due rent, the landlord denied ever speaking to Ford at the hearing, or about paying the past due rent. A week after the judgment, a writ of possession was issued and, five days later, a towing company was called to move the travel trailer. The landlord testified that when the constable came to serve the writ, they got "rid of everything that [was] there." Two weeks after the towing company was called, Ford showed up at the landlord's business wondering where his trailer was. Ford's reason for not knowing that his trailer was gone was that his bicycle, on which he traveled from Elm Mott to Waco daily, had become unusable and he was staying with various other people in Waco.

Based on a review of the evidence in the light most favorable to the verdict, any rational trier of fact could have found Ford guilty of Failure to Comply with Sex Offender Registration beyond a reasonable doubt. Accordingly, the evidence is legally sufficient. Further, considering all of the evidence in a neutral light, the jury was rationally justified in finding Ford guilty of Failure to Comply with Sex Offender Registration beyond a reasonable doubt. Accordingly, the evidence is factually sufficient.

Ford's first issue is overruled.

### EXTRANEOUS CONVICTION

In his second issue, Ford contends that the trial court erroneously admitted an

extraneous conviction during the guilt/innocence phase. The conviction about which he complains is a 1991[1] conviction for arson. However, the trial court did not admit this conviction, Ford did.

Prior to Ford testifying, his counsel approached the court for a ruling on whether the arson conviction could be used for impeachment purposes. Ford's counsel argued that the conviction was too remote. After hearing argument from the State on the issue, the trial court decided that if Ford took the stand, the arson conviction was "fair game." When Ford later took the stand, he admitted that he had been convicted of arson in 1991 and explained the circumstances surrounding the arson.

A defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error. *Ohler v. United States*, 529 U.S. 753, 760, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000). Because Ford preemptively introduced evidence of the prior arson conviction on direct examination, he waived his right to complain about this evidence on appeal. *See id.; see also Johnson v. State*, 981 S.W.2d 759, 760 (Tex. App.—Houston [1st Dist]. 1998, pet. ref'd).

Ford's second issue is overruled.

### MISTAKE OF FACT

In his third issue, Ford complains that the trial court erred in not instructing the jury on his mistake of fact defense.

"It is a defense to prosecution that the actor through mistake formed a

---

[1] Ford was placed on probation for this offense in 1988. His probation was revoked in 1991 and he was sentenced to 5 years in prison. The judgment was introduced into evidence during the punishment phase of the trial.

reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." TEX. PENAL CODE ANN. § 8.02(a) (Vernon 2003). A mistake of fact constitutes a defense only if it negates *the culpable mental state*. *Willis v. State*, 790 S.W.2d 307, 314 (Tex. Crim. App. 1990) (emphasis added). A defendant is entitled to an instruction on any defensive theory if the issue is raised by evidence at trial. *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). If the evidence viewed in a light favorable to appellant does not establish a mistake of fact defense an instruction is not required. *Id*.

As stated previously, Ford was charged with failing to comply with the Sex Offender Registration Program requirements. Pursuant to article 62.102, a person commits an offense if the person

1) is required to register; and

2) fails to comply with any requirement of chapter 62

TEX. CRIM. PROC. ANN. art. 62.102(a) (Vernon 2006). The requirement with which Ford was cited for failing to comply was the change of address requirement. *See Id*. art. 62.055 (Vernon Supp. 2009). This article provides, "if a person required to register…intends to change address, … the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority…and provide the authority … with the person's anticipated move date and new address." *Id*. (a).

The challenge here is determining the culpable mental state and whether Ford negated the culpable mental state so as to entitle him to an instruction on mistake of

fact. Article 62.102 has no stated culpable mental state. "If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element." TEX. PENAL CODE ANN. § 6.02(b) (Vernon Supp. 2009). Since no state of mind is specified for article 62 offenses, proof that the defendant acted intentionally, knowingly, or recklessly is sufficient. *See* TEX. PENAL CODE ANN. § 6.02(c) (Vernon Supp. 2009); *O'Briant v. State*, No. 05-05-00067-CR, 2005 Tex. App. LEXIS 9004, *8 (Tex. App.—Dallas Nov. 1, 2005, no pet.) (not designated for publication). *See also Aguirre v. State*, 22 S.W.3d 463 (Tex. Crim. App. 1999) ("…the silence of a statute about whether a culpable mental state is an element of the offense leaves a presumption that one is.")[2] The State alleged that Ford "intentionally and knowingly and recklessly fail[ed] to report…the Defendant's anticipated move date and new address…not later than the seventh day before the intended change." The jury was charged on those three mental states. Thus, Ford was required to negate those three culpable mental states to be entitled to an instruction on mistake of fact.

Ford's theory at trial was that he did not realize his trailer would be moved after the eviction hearing. He argued at trial that he was entitled to the instruction because he was mistaken as to the fact that his trailer was removed and a writ of possession had been served on the property while Ford was absent. He contended the mistake of fact went to his intent to move which was an element of the offense. Ford follows the same argument on appeal. Intent to move is part of an element of the offense; however it is

---

[2] The parties do not dispute that a culpable mental state is required.

not one of the culpable mental states charged or one that is required to be negated to entitle Ford to the requested instruction.

But, even if Ford's mistake about the removal of his trailer negates the intentional culpable mental state, it does not negate the reckless culpable mental state. The jury was instructed that "A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." TEX. PENAL CODE ANN. § 6.03(c) (Vernon 2003). If Ford was mistaken about whether his trailer would be removed, he was aware that he had to comply with the Sex Offender Registration Program requirements. Further, a judgment of eviction had been entered against him; and Ford consciously disregarded the risk that he would be forced to move.

Ford's alleged mistake of fact does not negate the reckless culpable mental state. Accordingly, the trial court did not err in denying Ford's request for an instruction on mistake of fact.

Ford's third issue is overruled.

### ILLEGAL SENTENCE

In his fourth issue, Ford contends the trial court erred by rendering an illegal sentence. Ford's complaint is that he was wrongfully sentenced within the punishment

range of a first degree felony when he should have been sentenced within the range of a second degree felony. More specifically, he argues that an enhancement of punishment under article 62.102(c) from a third degree felony offense to the punishment for a second degree felony offense cannot be further enhanced to the punishment for a first degree felony offense under article 12.42(b). We disagree with Ford.

The indictment by which Ford was charged was entitled, "Failure to Comply with Sex Offender Registration (Enhanced) Article 62.102, Texas Code of Criminal Procedure." It was also noted below the title that the offense was a third degree felony enhanced to a second degree felony. Failure to comply with the sex offender registration requirements is a third degree felony if the offender is required to register for life and verify his registration information once each year. TEX. CODE CRIM. PROC. ANN. art 62.102(b)(2) (Vernon 2006). The indictment alleged that Ford was required to verify his registration annually for life. Included within the indictment was an enhancement allegation that in 2006, Ford had been previously convicted of failing to comply with the Sex Offender Registration Program. Article 62.102 provides that "[i]f it is shown at the trial of a person for an offense … under this article that the person has previously been convicted of an offense … under this article, the punishment for the offense … is increased to the punishment for the next highest degree of felony." *Id*. art. 62.102(c).

Shortly before trial, the State filed an amended notice of enhancement which included the prior 2006 failure to comply with registration conviction and added an arson conviction from 1991. This was done, the State asserted prior to voir dire, not to

punish Ford as a habitual offender, but to punish Ford as a first degree felon. Taking into account Ford's 2006 conviction for failing to comply with the sex offender registration program and the arson enhancement allegation, the State argued that the punishment for Ford would be elevated from a third-degree felony to a first degree felony. *See id.*; TEX. PENAL CODE ANN. § 12.42(b) (Vernon Supp. 2009). Ford did not disagree.

Ford complains on appeal, however, that his sentence as a first degree felon was unauthorized and is void. He argues that the enhancement allegation regarding the 2006 conviction for failing to comply with the Sex Offender Registration Program did not enhance the current offense of failure to comply under article 62.102(c) but only enhanced the punishment for the current offense from a third degree felony to a second degree felony. Thus, his argument continues, when the State attempted to also enhance punishment through section 12.42(b) of the Texas Penal Code, it could not because the current offense had not been elevated to a second degree felony. Ford contends that the current offense remained a third degree felony and the State could only enhance the punishment through section 12.42(a)(3) to a second degree felony. TEX. PENAL CODE ANN. § 12.42(a)(3) (Vernon Supp. 2009) ("…if it is shown…on the trial of a third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.").

Although Ford did not make this complaint to the trial court, a "void" or "illegal" sentence is one that is not authorized by law and may be raised for the first time on appeal. *See Ex parte Pena*, 71 S.W.3d 336, 336 n.2 (Tex. Crim. App. 2002); *Levy v. State*,

818 S.W.2d 801 (Tex. Crim. App. 1991). "A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Consequently, a contemporaneous objection is not necessary to preserve the error for appellate review. *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992).

While there may have been other ways to properly bring Ford's punishment to that for a first degree felony, the critical question for this proceeding is whether the language of article 62.102(c) elevates the level of the offense, or whether it is only a punishment enhancement. The resolution of this issue is not as simple as it might first appear. The legislature has not been entirely consistent in the language it uses when it comes to enhancement of punishment or enhancement of the level of the offense with the resulting increase in the range of punishment. This is in part because of the many ways the legislature has chosen to allow enhancements over the years and their choices of what constitutes elements of the offense versus punishment enhancements.

In some instances, what is a punishment enhancement only is very clear. If a statute increases the minimum or maximum of years of confinement by a specified number of years, without referencing the offense level, it is thus clear this is only a punishment enhancement. An example of such a statute is section 481.134 of the Texas Health and Safety Code. Subsection (c) of that section provides, "the minimum term of confinement or imprisonment for an offense … is increased by five years…." TEX. HEALTH & SAFETY CODE ANN. § 481.134(c) (Vernon Supp. 2009). *See also* TEX. PENAL CODE ANN. § 12.50(c) (Vernon Supp. 2009) ("If an offense…is punishable as a Class A

Misdemeanor the minimum term of confinement for the offense is increased to 180 days."); TEX. PENAL CODE ANN. § 22.021(f) (Vernon Supp. 2009) ("The minimum term of imprisonment for an offense under this section is increased to 25 years if….").

If the statute applies a multiplier, such as twice the years otherwise applicable, to the minimum or maximum number of years without reference to the level of punishment, it is likewise clear that this is a punishment enhancement rather than an enhancement of the level of the offense. An example of such a statute is section 7.188 of the Texas Water Code. That statute provides, "If it is shown at the trial of the defendant that the defendant has previously been convicted of the same offense under this subchapter, the maximum punishment is doubled with respect to both the fine and confinement, unless the section creating the offense specifies otherwise." TEX. WATER CODE ANN. § 7.188 (Vernon 2008).

Alternatively, if the statute makes reference, not to the minimum or maximum number of years of imprisonment, but rather references only the offense level thus leaving the range of punishment for the normal range by reference to the level of the offense, it is clear that is an enhancement of the level of the offense. An example of this type of statute is section 49.09, subsection (a) of the Texas Penal Code. Typically, the punishment for an offense under section 49.04, Driving While Intoxicated, is a Class B misdemeanor with a minimum term of confinement of 72 hours. TEX. PENAL CODE ANN. § 49.04 (Vernon 2003). Under subsection (a) of section 49.09, "…an offense under Section 49.04, …*is* a Class A misdemeanor…." TEX. PENAL CODE ANN. § 49.09(a) (Vernon Supp. 2009) (emphasis added).

The difficulty comes when the statute, after defining the level of the offenses, also provides an enhancement in punishment with reference only to another level of offense. In such a situation, is it only the punishment that is enhanced or, because the offense is explicitly being punished at a higher level is it actually the level of the offense that has thus been enhanced? From the language of the statute alone it is not always easy to determine. For example, in *State v. Webb*, the phrase "shall be punished for" was held to be an enhancement of punishment only when it involved a non-aggravated state jail felony. *See State v. Webb*, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000). Whereas in *Young v. State*, the phrase "is punishable as" in a certain provision regarding drug-free zones was held to be an enhancement of the level of the offense. *See Young v. State*, 14 S.W.3d 748, 751 (Tex. Crim. App. 2000).

This issue is further complicated by two issues. First, except for prior convictions, any finding that is going to enhance the maximum punishment level must be determined by the selected fact finder. *See Barrow v. State*, 207 S.W.3d 377, 379 (Tex. Crim. App. 2006) (interpreting *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and its progeny). Second, even if it is an enhancement of an offense, is it the type of offense for which enhancements can be stacked? *See State v. Webb*, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000). The legislature did not make all enhancements of offenses equal.

Ford relies on two opinions from the Court of Criminal Appeals to support his argument. *See State v. Webb*, 12 S.W.3d 808 (Tex. Crim. App. 2000); *see also Ex parte Coleman*, 59 S.W.3d 676 (Tex. Crim. App. 2001). *Webb* may be instructive, but it is not

controlling. The issue in *Webb* was whether a state jail felony conviction, enhanced to the punishment range for a second degree felony under section 12.42(a)(2) may be enhanced further to the punishment range for a habitual offender under section 12.42(d). The controlling factor in *Webb* was that the offense for which the defendant was tried was a non-aggravated state jail felony. In that instance, the Court held that other language in 12.42(d)'s reference to "felony" did not include the non-aggravated "state jail felony" and that it could not be subject to multiple enhancements notwithstanding that aggravated state jail felonies could be so enhanced.[3]

That is not the issue here. Ford was not tried for a non-aggravated state jail felony punishable under section 12.35(a). *See* TEX. PENAL CODE ANN. § 12.35(a) (Vernon Supp. 2009). Rather, Ford was tried for a third degree felony because he had to register for life and report annually. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2) (Vernon 2006). This case, therefore, is not controlled by *Webb*.

*Webb* is instructive, however. When deciding whether two provisions in the repeat and habitual offender provision allowed for multiple enhancements, the Court determined that

> Both §§ 12.42(a)(3) and 12.42(d) allow for enhanced punishment of an aggravated state jail felony (i.e., a § 12.35(c) state jail felony), which is itself an enhancement of a state jail felony (i.e., a § 12.35(a) state jail felony). Thus the legislature has explicitly provided for certain forms of "multiple enhancements" of state jail felonies (i.e., enhancement of both offense and punishment), and the type that the state argues for in the instant case is not among them.

*State v. Webb*, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000). This passage makes it clear

---

[3] We limit our discussion to *Webb*. *Ex parte Coleman* is a per curiam opinion that cites to *Webb* but provides no explanation as to whether the same type problem with the use of enhancements existed as existed in *Webb*.

that an enhanced offense may be further enhanced if the legislature provided for it and did not otherwise exclude or prevent it.

This interpretation is supported by the Court of Criminal Appeal's opinion in *Young v. State*, where the Court stated that subsection (b) of section 481.134 in the Texas Health and Safety Code, a drug-free zone aggravating provision similar to Texas Penal Code section 12.35(c), increased the level of the offense of delivery or manufacture of a controlled substance. *Young v. State*, 14 S.W.3d 748, 751 (Tex. Crim. App. 2000); TEX. HEALTH & SAFETY CODE ANN. § 481.134(b) (Vernon Supp. 2009);[4] Tex. Penal Code Ann. § 12.35(c) (Vernon Supp. 2009).[5] Importantly, the drug free zone provision mentioned in *Young* is not only an "aggravated" state jail felony, as that term is used in *Webb*, but is also an "aggravated" third degree felony.

Like subsection (c) of Texas Penal Code section 12.35 and subsection (b) of Texas Health and Safety Code section 481.134, subsection (c) of article 62.102 provides "[i]f it is shown at the trial of a person for an offense … under this article that the person has previously been convicted of an offense … under this article, the punishment for the offense … is increased to the punishment for the next highest degree of felony." *Id*. art.

---

[4] "(b) An offense otherwise *punishable as* a state jail felony under Section 481.112, 481.113, 481.114, or 481.120 is punishable as a felony of the third degree, and an offense otherwise punishable as a felony of the second degree under any of those sections is punishable as a felony of the first degree, if it is shown at the punishment phase of the trial of the offense that the offense was committed:
    (1) in, on, or within 1,000 feet of premises owned, rented, or leased by an institution of higher learning, the premises of a public or private youth center, or a playground; or
    (2) in, on, or within 300 feet of the premises of a public swimming pool or video arcade facility." (emphasis added)

[5] "(c) An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that:
    (1) a deadly weapon … was used or exhibited during the commission of the offense…; or
    (2) the individual has previously been finally convicted of any felony…."

62.102(c). We see no discernable difference between the language used in subsection (c) of section 62.102 and in subsection (c) of section 12.35 and subsection (b) of section 481.134, both of which the Court of Criminal Appeals has construed as an elevation of the level or grade of the offense and not merely an enhancement of the punishment range. Thus, using the teachings of both *Webb* and *Young*, subsection (c) of article 62.102 increases the offense level from a third degree felony to a second degree felony.

Because the offense level was increased, the State could and did further enhance the offense through the use of Texas Penal Code section 12.42(b) from punishment as a second degree felony to a first degree felony. Ford was sentenced within the range of a first degree felony and the trial court did not, then, render an illegal sentence. Ford's fourth issue is overruled.

## CONCLUSION

Having overruled each issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed January 13, 2010
Publish
[CRPM]