

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0440-10

**JOSEPH CLYDE FORD, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### MCLENNAN COUNTY

**KEASLER, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

The court of appeals held that Joseph Clyde Ford's prior conviction for failure to comply with sex offender registration requirements increased the offense level of Ford's current offense for the same crime.[1] We disagree. Because Article 62.102(c) states that "punishment for the offense . . . is increased to the punishment for the next highest degree

---

[1] *Ford v. State*, 313 S.W.3d 434, 442 (Tex. App.—Waco 2010).

of felony,"[2] we hold that only the level of punishment was enhanced. We therefore reverse the court of appeals's judgment and remand for proceedings consistent with this opinion.

## Background

A jury convicted Ford of failing to comply with sex offender registration requirements, a third-degree felony offense, under the facts of this case.[3] After finding that Ford had previously been convicted of failing to comply with sex offender registration requirements[4] and that Ford had a prior felony conviction for arson, the jury sentenced Ford to twenty-five years' imprisonment and assessed a $5,000 fine.[5] The judgment states that Ford's conviction is for a first-degree felony.

On direct appeal, among other things, Ford challenged the legality of his sentence.[6] He complained that his sentence was unauthorized because his prior conviction for failure to comply with sex offender registration requirements enhanced only the level of punishment that could be assessed, as opposed to offense level for his current conviction.[7] Therefore, his prior arson conviction, the second enhancement, could not be used to enhance his punishment

---

[2] TEX. CODE CRIM. PROC. ANN. art. 62.102(c) (Vernon 2006).

[3] TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(2) (Vernon 2006).

[4] TEX. CODE CRIM. PROC. ANN. art. 62.102(c).

[5] TEX. PENAL CODE ANN. § 12.42(b).

[6] *Ford*, 313 S.W.3d at 439.

[7] *Id.*

to a first-degree felony.[8]

The Waco Court of Appeals framed the issue as follows: "whether the language of article 62.102(c) elevates the level of the offense, or whether it is only a punishment enhancement."[9]   Article 62.102(c) provides:

> If it is shown at the trial of a person for an offense or an attempt to commit an offense under this article that the person has previously been convicted of an offense or an attempt to commit an offense under this article, the punishment for the offense or the attempt to commit the offense is increased to the punishment for the next highest degree of felony.[10]

The court first determined that issue is not easily resolved by looking at the language of the statute and turned to two cases from our Court for guidance, *State v. Webb* and *Young v. State*.[11]   Relying on statements that we made in *Webb* and *Young*, the court of appeals held that subsection (c) of Article 62.102 enhances the level of the offense.[12]   So because Ford's conviction was elevated to a second-degree felony via subsection (c) with his prior conviction for failure to comply with sex offender registration requirements, he was properly subjected to a first-degree felony punishment range under Section 12.42(b), Texas Penal

---

[8]  *Id.*

[9]  *Id.* at 440.

[10]  TEX. CODE CRIM. PROC. ANN. art. 62.102(c).

[11]  *Ford*, 313 S.W.3d at 441-42 (citing and discussing *State v. Webb*, 12 S.W.3d 808, 811-12 (Tex. Crim. App. 2000); *Young v. State*, 14 S.W.3d 748, 751-52 (Tex. Crim. App. 2000)).

[12]  *Id.* at 442.

Code, as a result of his prior arson conviction.[13]

We granted Ford's petition for discretionary review to decide whether the court of appeals erred in holding that Article 61.102(c) enhances the offense level of the primary offense.

**Analysis**

We hold that the court of appeals erred in relying on *Young* and certain statements made in *Webb* to support its conclusion that Section 61.102(c) enhances the offense level. The statements relied upon were dicta, and our understanding of Penal Code Section 12.42 is persuasive in interpreting Section 61.102(c).

In *Webb*, the State argued that Webb's conviction for a state jail felony, enhanced to a second-degree felony punishment level under Penal Code Section 12.42(a)(2), could be further enhanced under the habitual felony punishment statute, Penal Code Section 12.42(d).[14] Sections 12.42(a)(2) and (d) provided:

> (a)(2) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.[15]

> (d) Except as provided by Subsection (c)(2), if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a)

---

[13]  *Id.*

[14]  12 S.W.3d at 809, 811.

[15]  TEX. PENAL CODE § 12.42(a)(2).

that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.[16]

The State claimed that the term "punishable under" in Section 12.42 refers to the range of punishment applied to a defendant's sentence.[17] Therefore, Webb's sentence was "punishable under" Section 12.42(a)(2), not Penal Code Section 12.35(a), which provides for state jail felony punishment.[18]

We disagreed with the State's reading of Section 12.42's "punishable under" text.[19] We first observed that the State's argument failed to account for the difference between enhanced offenses and enhanced punishment.[20] Turning to Section 12.42(d), we noted that the introductory, limiting text specifically refers to the offense tried, and Webb was tried for a state jail felony punishable under Section 12.35(a).[21]

We then explained that our reading of Section 12.42(d) is consistent with the legislative enhancement scheme, including the state jail felony punishment in Section

---

[16] TEX. PENAL CODE § 12.42(d).

[17] *Webb*, 12 S.W.3d at 811.

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

12.35(a) and (c).[22] We opined that Sections 12.42(a)(3)[23] and 12.42(d) permit "aggravated" state jail felonies enhanced under 12.35(c) to be further enhanced.[24] Considering these particular statutes together, we stated: "Thus the legislature has explicitly provided for certain forms of 'multiple enhancements' of state jail felonies (i.e., enhancement of both offense and punishment) . . . ."[25]

In *Young*, we considered whether the evidence was sufficient to support the jury's finding that Young committed the offense in a drug-free-zone.[26] In making our determination, we began by identifying the hypothetically correct jury charge under Section 481.134 of the Texas Health and Safety Code: specifically, whether subsection (b) or (c) applied.[27] Subsections (b) and (c) of Section 481.134 provided:

---

[22] *Id.*; TEX. PENAL CODE § 12.35(a); TEX. PENAL CODE § 12.35(c) ("An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that: (1) a deadly weapon as defined by Section 1.07 was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited; or (2) the individual has previously been finally convicted of any felony: (A) under Section 21.02 or listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; or (B) for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure.").

[23] TEX. PENAL CODE § 12.42(a)(3).

[24] *Webb*, 12 S.W.3d at 811.

[25] *Id.*

[26] 14 S.W.3d at 750.

[27] *Id.* at 750-51.

(b) An offense otherwise punishable as a state jail felony under Section 481.112, 481.113, 481.114, or 481.120 is punishable as a felony of the third degree, and an offense otherwise punishable as a felony of the second degree under any of those sections is punishable as a felony of the first degree, if it is shown at the punishment phase of the trial of the offense that the offense was committed:

> (1) in, on, or within 1,000 feet of premises owned, rented, or leased by a school or an institution of higher learning or a playground; or
> (2) in, on, or within 300 feet of the premises of a public or private youth center, public swimming pool, or video arcade facility.[28]

(c) The minimum term of confinement or imprisonment for an offense otherwise punishable under Section 481.112(c) . . . is increased by five years and the maximum fine for the offense is doubled if it is shown on the trial of the offense that the offense was committed:

> (1) in, on, or within 1,000 feet of premises of a school; or
> (2) on a school bus.[29]

Comparing the prior statutory scheme, we made several observations about these two subsections.[30] We stated that subsection (b) increases the offense level, employing an increased-grade approach, while subsection (c) increases the punishment or minimum number of years.[31] Ultimately, we held that subsection (c) provided the hypothetically correct jury charge and found that the evidence was sufficient to sustain the drug-free-zone allegation.[32]

---

[28] TEX. HEALTH & SAFETY CODE § 481.134(b).

[29] TEX. HEALTH & SAFETY CODE § 481.134(c).

[30] *Young*, 14 S.W.3d at 751-52.

[31] *Id.*

[32] *Id.* at 753-54.

The court of appeals consulted both of these cases, finding *Young* and certain statements made in *Webb* to be persuasive. *Webb*, according to the court, did not control the outcome because it centered on the fact that Webb was tried for a non-aggravated state jail felony.[33] But the court found Webb's discussion of how Section 12.35(c) operated to be instructive.[34] Specifically, that we said Section 12.35(c), which enhances a 12.35(a) state jail felony, resulting in an aggravated state jail felony, increased the offense level.[35] The court also found that *Young*'s statement about subsection (b) of Texas Health and Safety Code Section 481.134, increasing the offense level, authoritative.[36] The court concluded that there is "no discernable difference between the language used in subsection (c) of Article 62.102 and in subsection (c) of section 12.35 and subsection (b) of section 481.134."[37]

It is understandable why the court of appeals was persuaded by *Young* and certain statements made in *Webb* in interpreting Code of Criminal Procedure Article 62.102(c). But the statements used by the court of appeals in reaching its holding were clearly dicta and are therefore not controlling. In *Webb*, we erred to imply that Penal Code Section 12.35(c) increases the offense level. Section 12.35(c) uses the language "shall be punished," the

---

[33] *Ford*, 313 S.W.3d at 441.

[34] *Id*. at 441-42.

[35] *Id*.

[36] *Id*. at 442.

[37] *Id*.

same language in Penal Code Section 12.42, which we made clear in *Webb* increases the punishment level only. When applicable, Section 12.35(c) increases the punishment level for a 12.35(a) state jail felony to a third-degree felony, but the primary offense itself remains a state jail felony.

Next, in *Young*, we did not grant review to address whether subsections (b) and (c) of Texas Health and Safety Code Section 481.134 increase the grade level of the primary offense or only the punishment level. Indeed, we said that we did not need to render a decision on that issue because we concluded that subsection (c) applied and that the jury's verdict was supported by sufficient evidence.[38] Our statements indicating an opinion on the matter of which subsection enhanced the grade of offense versus that which increased only punishment level were made in passing, and we erred to make such a distinction. That distinction carries no precedential value.

A broader recognition in *Webb* controls this case. As noted above, in *Webb* we recognized that Penal Code Section 12.42 increases the range of punishment applicable to the primary offense; it does not increase the severity level or grade of the primary offense.[39]

[38] *Id*. at 751.

[39] *See Webb*, 12 S.W.3d at 811, 811 n.2 ("The punishment for the enhanced offense of felony DWI may then be enhanced under either TEX. PEN. CODE § 12.42(a)(3) or (d), in which the sentencing range is increased, not by saying that the offense 'is' a higher offense, but by the words 'shall be punished for' a higher offense."); *Ex parte Coleman*, 59 S.W.3d 676, 676 (Tex Crim. App. 2001); *see also Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999) (prior convictions used for enhancement purposes under Penal Code Section 12.42(d) "serve the purpose of enhancing punishment.").

This construction comes from the phrase "shall be punished for" that appears throughout Section 12.42. Article 62.102(c) contains similar language. It states that the "punishment for an offense or attempt to commit the offense is increased to the punishment for the next highest degree of felony."[40] Article 62.102(c) refers to "punishment" only, not the level of the offense. Article 62.102(c) operates in the same way as Section 12.42, increasing the level of punishment that applies to the primary offense, whatever its original designation. The distinction between methods of enhancement is apparent on the face of Article 62.102 itself. Subsection (b) designates different levels of offense enhancement, starting with state jail felonies, based on specific criteria that pertain to the facts and circumstances involved in the primary offense.[41]

Applying the above to this case, we conclude that Ford's prior conviction for failure to register did not increase the grade of his current offense. Ford's prior conviction under Article 62.102 increased only the punishment level that applied to the primary, third-degree felony offense.

## Conclusion

The court of appeals erred to rely on dicta in *Webb* and *Young* to conclude that Article 62.102(c) increases the level of the primary offense. Under its plain language, which is

---

[40] *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (courts must give effect to the plain meaning of a statute unless it would lead to an absurd result or the language is ambiguous).

[41] TEX. CODE CRIM. PROC. ANN. art. 62.102(b).

similar to Penal Code Section 42.12, interpreted in *Webb* to enhance punishment only, we hold that Article 62.102(c) does not increase the level of the offense; it increases the applicable punishment range to the next highest felony. We reverse the court of appeals's judgment and remand this case to the trial court for proceedings consistent with this opinion.

DATE DELIVERED: February 2, 2011
PUBLISH