Opinion issued May 3, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00469-CR

———————————

L.J. Jordan, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 176th District Court

Harris County, Texas



Trial Court Case No. 1260543

 



MEMORANDUM OPINION

          A
jury convicted appellant, L.J. Jordan, of the second degree felony offense of
failure to comply with the sex offender registration requirements.[1]  The trial court assessed punishment at
twenty-five years’ confinement.  In his
sole issue, appellant contends that the State did not present sufficient
evidence that he intentionally and knowingly failed to verify his sex offender
registration information within the required time period.  The State confesses error, conceding that it
failed to prove appellant’s guilt as indicted. 
We therefore reverse and render a judgment of acquittal on the charge
for which appellant was indicted.

                                                                                                                                                                
Background

In 1986, appellant was convicted of aggravated sexual
assault of a child.  As a result, he was
required to register as a sex offender with the Houston Police Department
(“HPD”) and to verify his registration every year for life.  See Tex. Code Crim. Proc. Ann. art. 62.051(a) (Vernon Supp.
2011) (requiring any person with “reportable conviction” to register with local
law enforcement agency of municipality in which person intends to reside for
more than seven days). 

HPD Sergeant G. Shepherd, who works in the Sex Offender
Registration Unit, testified that, on April 7, 2010, federal marshals
completing a compliance checklist on appellant went to his last registered
address, 8325 La Porte, Apartment No. 14, known as the Ship Channel Motel.  Sergeant Shepherd stated that the marshals reported
that appellant was possibly noncompliant with the registration requirements because
the motel management had forced him to check out approximately a week prior to
the investigation.  Sergeant Shepherd
also testified that each sex offender is informed that he must notify HPD of
any intra-state address changes seven days prior to moving.

Harris County Deputy K. Roy, who worked in the HPD Sex
Offender Compliance Unit at the time, was assigned to follow up on appellant’s
compliance status.  As part of his
investigation, Deputy Roy went to the Ship Channel Motel and discovered that
the room registered as appellant’s address was a vacant room with no “other
signs of occupancy.”  Deputy Roy spoke
with the motel manager, who told him that she had evicted appellant because she
had discovered that he was a sex offender. 

Leticia Rodriguez, a former employee of the Ship Channel
Motel, testified that, after she became aware of “a document that [appellant]
received as a sexual offender,” she told appellant he had to move and that he
did so two days later on March 11, 2010. 
She stated that appellant had paid his rent for the week of March 4
through March 11 and that she did not give him a specific move-out date, but she
intended that he move before the next week’s rent was due, which was “soon.”

HPD Officer D. Hammons, appellant’s assigned registration
officer, testified that, according to her call-log notes, appellant called at
least eight times between March 17 and April 7, 2010.  She further stated that appellant never
changed his registration with her in person, and she never had any further
contact with him. 

Appellant was indicted for failure to comply with sex-offender
registration requirements as follows:

while
subject to registration under the Texas sex offender registration program, and
while intending to change his residential address, intentionally and knowingly
failed to timely provide in person the Defendant’s anticipated move date and
new address to THE LOCAL LAW ENFORCEMENT AUTHORITY DESIGNATED AS THE
DEFENDANT’S PRIMARY REGISTRATION AUTHORITY, by failing to provide said
information in person to said AUTHORITY at least seven days before the
Defendant’s change of address.

 

The jury charge tracked the
language in the indictment, and the jury found him guilty of failing to comply
with the registration requirements for failure to provide his anticipated move
date and new address at least seven days before his change of address.

                                                          
Failure to Comply with Sex-Offender Reporting
Requirements

In his sole issue, appellant contends that the evidence is
insufficient to show his intentional and knowing failure to comply with the sex
offender reporting requirement that he provide his anticipated move date and
new address at least seven days before his change of address.

A.              
Standard of Review

When reviewing the sufficiency of the evidence, we view
the evidence in the light most favorable to the verdict to determine whether
any rational fact finder could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Brooks
v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).  When performing a legal sufficiency review, we
may not re-evaluate the weight and credibility of the evidence or substitute
our judgment for that of the fact finder.  Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).
 Rather, we ensure that the jury reached
a rational decision.  Green v. State, 350 S.W.3d 617, 621
(Tex. App.—Houston [14th Dist.] 2011, pet. ref’d)
(citing Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993)).

“A reviewing court’s duty, however, does require it to
ensure that the evidence presented actually supports a conclusion that the
defendant committed the crime that was charged.”  Williams,
235 S.W.3d at 750; see also Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim. App.
2001) (holding that State must prove allegations set out in charging instrument
beyond reasonable doubt) (citing In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970)
(“[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every
fact necessary to constitute the crime with which he is charged.”) (emphasis added)).  If we determine, upon reviewing the record under
the Jackson standard, that “a
rational jury would necessarily entertain a reasonable doubt as to the
defendant’s guilt, the due process guarantee requires that we reverse and order
a judgment of acquittal.”  Swearingen v. State, 101 S.W.3d 89, 95
(Tex. Crim. App. 2003); see Jackson,
443 U.S. at 317–19, 99 S. Ct. at 2788–89.

B.              
Law Regarding Registration Requirements

A person commits the offense of failure to comply with sex
offender registration requirements if he “is required to register and fails to
comply with any requirement of” Chapter 62 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 62.102(a) (Vernon 2006); Green, 350 S.W.3d at 621; see also Varnes v.
State, 63 S.W.3d 824, 829 (Tex. App.—Houston [14th Dist.] 2001, no pet.)
(“If a convicted sex offender fails to meet any of his or her requirements under
the statute, the statute imposes criminal liability upon him or her for that
failure.”).  Article 62.051(a) requires a
person with a “reportable conviction” to register with “the local law
enforcement authority in any municipality where the person resides or intends
to reside for more than seven days.”  Tex. Code Crim. Proc. Ann. art. 62.051(a)
(Vernon Supp. 2011).  Under
article 62.055(a), 

[i]f a person required to register under this chapter
intends to change address, . . . the person shall, not later than the seventh
day before the intended change, report in person to the local law enforcement
authority designated as the person’s primary registration authority by the
department and to the . . . officer supervising the person and provide the
authority and the officer with the person’s anticipated move date and new
address.

 

Id. art. 62.055(a)
(Vernon Supp. 2011).

Generally, because no state of mind is specified for
article 62 offenses, proof that the defendant acted intentionally, knowingly,
or recklessly is sufficient.  Harris v. State, No. 01-10-00376-CR,
2012 WL 243331, at *6 (Tex. App.—Houston [1st Dist.] Jan. 5. 2012, no
pet.) (citing Ford
v. State, 313 S.W.3d 434, 438 (Tex. App.—Waco 2010), rev’d on other grounds, 334 S.W.3d 230 (Tex. Crim. App. 2011)); see also Tex. Penal Code Ann. § 6.02(c) (Vernon 2011) (providing that, if definition of offense
does not prescribe culpable mental state and one is required, “intent,
knowledge, or recklessness suffices to establish criminal
responsibility”).  When the indictment
alleges that a defendant intentionally or knowingly failed to register as a sex
offender, we review the record to determine if the State presented sufficient
evidence of the defendant’s intentional or knowing failure.  Harris,
2012 WL 243331, at *6; see also Ballard v. State, 149 S.W.3d
693, 694 & n.1 (Tex. App.—Austin 2004, pet. ref’d)
(conducting factual sufficiency review of whether defendant intentionally or
knowingly failed to register when indictment alleged these culpable mental
states); Varnes,
63 S.W.3d at 832 (“Although the sex offender registration statute does not
expressly require proof of a mental state for prosecution of a failure to
register, the indictment in this case alleged that Varnes
‘intentionally and knowingly’ failed to register.”).

A person acts intentionally, or with intent, with respect
to the nature of his conduct or to a result of his conduct when it is his
conscious objective or desire to engage in the conduct or cause the result.  Tex. Penal Code Ann. § 6.03(a) (Vernon
2011).  A person
acts knowingly, or with knowledge, with respect to the nature of his conduct or
to the circumstances surrounding his conduct when he is aware of the nature of
his conduct or that the circumstances exist.  Id. § 6.03(b).  A
person acts knowingly, or with knowledge, with respect to the result of his
conduct when he is aware that his conduct is reasonably certain to cause the
result.  Id.  

C.              
Analysis

Appellant was indicted for failing to comply with the
registration requirement to provide his anticipated move date and new address
seven days prior to changing his address. 
Appellant contends that the State did not present sufficient evidence
that he failed to provide his anticipated moving date and new address at least
seven days before his change of address because he did not have any intent to
move at least seven days prior to his change of address. 

The testimony at trial showed that registration staff
believed that registered sex offenders have to give at least seven days advance
notice before any address change. 
Sergeant Shepherd testified that a sex offender is informed that he must
notify HPD of an intra-state address change seven days prior to moving. Officer
Hammonds testified that appellant was required to register the new address in
person, which he failed to do.  However,
the registration requirement that appellant was charged with violating is
triggered only “[i]f a person required to register
under this chapter intends to change address.”  Tex. Crim. Proc. Code Ann. art.
62.055(a); Green, 350
S.W.3d at 623.  “In addition, the
deadline for reporting this intended address change is not seven days before
the date on which the move actually occurs; rather, the deadline is seven days
‘before the intended change.’” Green,
350 S.W.3d at 623 (quoting Tex. Crim. Proc. Code Ann. art.
62.055(a)).  The Green
court reasoned that “[t]here are various situations in which a registered
sex offender’s address may change without the offender having any intent to
change his address prior to the actual change of address,” such as when an
offender “may be barred from his current residence without warning.”  Id.  It concluded that the evidence to support
Green’s conviction for failure to provide at least seven days’ notice of an
intended move was legally insufficient because “there was no evidence [he] ever
had an intent to change his address in November 2006 that he failed to report
not later than the seventh day before the date of the intended address
change.”  Id. at 624.

Here, appellant was evicted from his current residence
with two days’ notice.  The State
presented no evidence that appellant intended to change his address at least
seven days before he was required to leave the motel; in fact, it was
undisputed at trial that appellant could have formed such an intent at most two
days before his change of address, because it was then that he was notified
that he would be evicted.  He had prepaid
his rent at that location before that point. 
As in Green, there is no
evidence that appellant intended to move and failed to report it within the
required time period.  See id.

We conclude that the State’s evidence was legally
insufficient to support appellant’s conviction for the crime for which he was
indicted, and, thus, we must render a judgment of acquittal.  See
Swearingen, 101 S.W.3d at 95.  In its
brief, the State agrees and confesses error.

We sustain appellant’s sole issue.  

                                                                                                                                                                   
Conclusion

The State confesses reversible error in the trial court’s
judgment.  We reverse the judgment of the
trial court and render a judgment of acquittal on the charge for which
appellant was indicted.

 

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

Do
not publish.   Tex. R.
App. P. 47.2(b).











[1]
          See Tex. Code Crim. Proc.
Ann. art. 62.102(b)(3) (Vernon 2006).