

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00027-CR

ROBERT ANTHONY PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2012-401-C1, Honorable Ralph T. Strother, Presiding

November 13, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Robert Anthony Perez appeals his convictions on three counts of failure to stop and render aid. He pled guilty and his punishment was assessed by a jury at fifteen years on each count. In challenging his convictions, he contends 1) the jury charge was in error because it implied that a person can be released early without parole supervision due to good conduct time, 2) the jury charge improperly instructed the jury not to consider sympathy in its deliberations, and 3) the judgments are in error

because they show that appellant was convicted of a second degree felony. We modify the judgments and, as modified, affirm them.[1]

*Issue 1 – Jury Charge on Good Conduct Time*

In his first issue, appellant claims language in the jury charge implied that he might obtain early release on the basis of good conduct time without reference to parole. This, according to appellant, could have caused the jury to give a longer sentence. We overrule the issue.

The instruction alluded to is that required by article 37.07 § 4(c) of the Code of Criminal Procedure regarding good conduct time and parole.[2] A like argument was

---

[1] This appeal being transferred from the Tenth Court of Appeals, we are obligated to apply precedent of the latter court when addressing the issues at hand. TEX R. APP. P. 41.3 (requiring the Court of Appeals to which a case is transferred to decide the case in accordance with the precedent of the transferor court).

[2] The instruction mandated by article 37.07 Sec.4(c) reads:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

TEX. CODE CRIM. PROC. ANN. art. 37.07 § 4(c) (West Supp. 2012).

expressly rejected by the Tenth Court of Appeals in *Lopez v. State,* No. 10-12-00282-CR, 2013 Tex. App. LEXIS 1229, at *3-4 (Tex. App.—Waco February 7, 2013, pet. ref'd) (not designated for publication) (overruling the issue that the jury charge should have been supplemented to explain that good conduct time is tied to parole). We are bound by that precedent at bar.

*Issue 2 – Instruction on Sympathy*

Next, appellant contends that the directive appearing in the jury charge instructing the jury to forego the consideration of "sympathy" in its deliberations was error. We overrule the issue for it too has been rejected by the Tenth Court of Appeals in *Wilson v. State,* 267 S.W.3d 215, 219-20 (Tex. App.—Waco 2008, pet. ref'd). Indeed, the Court of Criminal Appeals also stated that "anti-sympathy charges are appropriate in that they properly focus the jury's attention on those factors relating to the moral culpability of the defendant." *Prible v. State,* 175 S.W.3d 724, 737 (Tex. Crim. App. 2005).

*Issue 3 – Error in Judgments*

Finally, appellant asserts that the judgments are in error because they show he was convicted of a second degree felony as opposed to a felony of the third degree. The State concedes the mistake, and we sustain the argument.

The offense of failing to stop and render aid is a third degree felony. Tex. Transp. Code Ann. § 550.021(c)(1) (West 2011) (stating the punishment is imprisonment in the Department of Criminal Justice for not more than five years or confinement in the county jail for not more than one year and a fine not to exceed $5,000); Tex. Penal Code Ann. § 12.41(1) (West 2011) (stating that any conviction not

obtained from prosecution under the Penal Code for which imprisonment in the Department of Criminal Justice is a possibility is a felony of the third degree). However, his punishment was enhanced to that applicable to a second degree felony due to a prior conviction. Because a prior conviction does not increase the grade of the offense but rather the punishment level, *Ford v. State,* 334 S.W.3d 230, 235 (Tex. Crim. App. 2011), reformation of the judgments is appropriate.

Accordingly, we modify the judgments to reflect that appellant was charged with and convicted of a felony of the third degree and, as modified, affirm them.

Per Curiam

Do not publish.

4