

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00343-CR

**ERNEST BROWN,**

                                             **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                             **Appellee**

---

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2016-1506-C1**

---

## DISSENTING OPINION

---

There are few recognized structural errors in Texas criminal jurisprudence. For all of our sakes, I pray that the right to a jury trial is still one of them. And the right to a jury trial is pointless if the trial court can instruct a verdict on an element of the offense. In this case the jury was so instructed. It was error to do so. It is structural error. Brown's conviction should be reversed and the case remanded to the trial court for a new trial.[1]

---

[1] I find the discussion of the issue in *Martin* to be dicta. I previously thought I should follow the dicta of the Court of Criminal Appeals, but they disabused me of that notion. *See Ford v. State*, 313 S.W.3d 434 (Tex. App.—Waco 2010), *rev'd*, 334 S.W.3d 230, 232 (Tex. Crim. App. 2011). The issue in *Martin* was not the question of the propriety of giving an instructed verdict on an element of the offense in the jury charge. It

If I am wrong in the foregoing conclusion, then there is absolutely no relevance to any of the evidence about the prior convictions and any reference thereto at any stage of the proceeding would be improper and clearly calculated to harm the defendant. There is not even any balancing to be done under Rule 403 because the prior convictions are simply not relevant to any disputed issue in the trial. If, because of the stipulation, and within the extended dicta in *Martin*, the jury can be instructed to find the element against the defendant, there should be no mention of the priors during the trial. The Court of Criminal Appeals has clearly held to the contrary, but that is upon the basis that the State has to prove the prior convictions as an element of the offense. *Hollen v. State*, 117 S.W.3d 798 (Tex. Crim. App. 2003). If Brown's first issue is overruled, the entire foundation of the Court of Criminal Appeals' rational regarding discussion, admissibility, and argument about the prior convictions is built on shifting sand and must collapse. I do not see how, rationally, the State can have it both ways by having a stipulation of evidence of an element and therefore have an instructed verdict in the charge on that element AND also have the ability to beat the defendant about the head and shoulders with the two priors under the argument that they have the burden to prove it as an element of the offense. Surely it cannot be both.

While I fear the "way-guilty-rule" will overwhelm the distinctions that I believe are necessary if we are going to try the person for the offense and not the character of the

---

was an issue of whether it was error to omit an element of the offense from the charge. It was held that the omission of an element was error. The Court went on to hold that the *Almanza* charge error analysis applied and that the unobjected-to charge error was not egregiously harmful. Even if the error is not structural, in this case, it was objected to.

person, I respectfully dissent.


TOM GRAY
Chief Justice

Dissenting opinion issued and filed October 10, 2018

