

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00147-CR

**FRANCISCO MARTINEZ SANCHEZ, JR.,**

           **Appellant**

**v.**

**THE STATE OF TEXAS,**

           **Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 16-01118-CRF-272

## DISSENTING OPINION

The Constitution has not been changed. Sanchez briefed the issue. The State concedes the fees are unconstitutional. In holding that the fees are unconstitutional in *Salinas v. State*, 523 S.W.3d 103 (Tex. Crim. App. 2017), the Court of Criminal Appeals addressed the retroactive application of the holding. *Id.* at 113. The discussion about retroactive application is dicta because it was not necessary to the disposition of the proceeding before it. *See Tong v. State*, 25 S.W.3d 707, 711 (Tex. Crim. App. 2000) (noting that a conclusion not necessary to the holding of a case is dicta); *State v. Brabson*, 976

S.W.2d 182, 186 (Tex. Crim. App. 1998) (referring to dicta as "unnecessary to [the Court's] ultimate disposition of" the case). *See also Ford v. State*, 334 S.W.3d 230, 235 (Tex. Crim. App. 2011) (holding "[t]he court of appeals erred to rely on dicta in …" when reversing a Waco court opinion). Moreover, as written, it seems to have been contemplated as being applicable to judgments that were otherwise final and whether this was the type error that could be attacked collaterally, not to those judgments that were subject to direct appeal.

Regardless, Sanchez is entitled to relief in this proceeding. The cost are a violation of the separation of powers, and Sanchez has properly placed that issue before us in this proceeding. *See Salinas v. State*, 523 S.W.3d 103, 110 (Tex. Crim. App. 2017).

Because the Court affirms the assessment of unconstitutional court cost against Sanchez, I respectfully dissent.

TOM GRAY
Chief Justice

Dissenting opinion issued and filed August 28, 2019

