

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00385-CR

---

**MARIA ISABEL VELASQUEZ, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 081727-B-CR, Honorable Titiana Frausto, Presiding

---

July 3, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Maria Isabel Velasquez, seeks reformation of the trial court's order placing her on deferred adjudication. We reform the judgment and affirm.

Appellant was charged with aggravated assault with a deadly weapon, a second-degree felony.[1] The State gave notice of an enhancement paragraph alleging that Appellant had previously been convicted of a felony, namely possession of a controlled

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b).

substance. The enhancement paragraph, if proven, would make Appellant's offense punishable as a first-degree felony.[2]

Appellant entered into a plea agreement with the State. Under the terms of the agreement, Appellant pleaded guilty and the State waived the enhancement paragraph and recommended deferred adjudication. The trial court accepted Appellant's plea, deferred adjudication, and placed her on community supervision for a period of ten years.

In this appeal, Appellant asserts that the order placing her on deferred adjudication should be reformed because it does not reflect the proper degree of offense to which she pleaded guilty. The State concedes the issue, and we agree.

The trial court's Order of Deferred Adjudication recites the "degree of offense" as a felony of the first degree.[3] However, the record shows that Appellant pleaded guilty to the second-degree felony offense of aggravated assault with a deadly weapon.

Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Robinson v. State*, 568 S.W.3d 718, 724–25 (Tex. App.—Amarillo 2019, no pet.). Accordingly, we reform the Order of Deferred Adjudication to reflect that the offense for which adjudication is deferred is a second-degree felony.

---

[2] *Id.* § 12.42(b); *see Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011) (section 12.42 of Penal Code increases level of punishment for primary offense but does not elevate grade of primary offense).

[3] The order accurately reflects "N/A" on the plea to the enhancement paragraph and "N/A" on the finding on the enhancement.

The trial court's order is affirmed as reformed.


Judy C. Parker
Justice

Do not publish.