# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00293-CR

---

**Armando Cubriel, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 22ND DISTRICT COURT OF HAYS COUNTY
### NO. CR-21-4965-A, THE HONORABLE SHERRI TIBBE, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Armando Cubriel, Jr., was charged with murder (Count I), intoxication manslaughter with a vehicle (Count II), failure to render aid in a collision involving death (Count III), tampering with evidence (Count IV), and retaliation (Count V). *See* Tex. Penal Code §§ 19.02, 36.06, 37.09, 49.08; Tex. Transp. Code § 550.021. The indictment also contained two alternative enhancement allegations asserting that Cubriel had been convicted of a felony offense before committing the offenses at issue in this case. *See* Tex. Penal Code § 12.42. Following a trial, the jury found the enhancement allegation to be true and found him guilty of all five charged offenses. The State then moved to dismiss the intoxication-manslaughter charge on double-jeopardy grounds. Following a punishment hearing, the jury assessed Cubriel's punishments at 75 years' imprisonment for the murder and failure-to-render-aid convictions, 15 years' imprisonment for the tampering conviction, and 2 years' imprisonment for

the retaliation conviction. The trial court rendered its judgments of conviction consistent with the jury's verdicts. Cubriel appealed his convictions.

Cubriel's court-appointed attorney on appeal filed a motion to withdraw supported by an *Anders* brief contending that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744-45 (1967). Cubriel's court-appointed attorney's brief, which concludes that the appeal is frivolous and without merit, meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See id.*; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous"). Cubriel's counsel represented to the Court that he provided copies of the motion and brief to Cubriel; advised Cubriel of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided Cubriel with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Cubriel has not requested a copy of the appellate record or filed a pro se brief challenging his convictions, and the deadline for filing a pro se brief has expired.

We have independently reviewed the record and considered appellate counsel's brief, and we have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. We agree with counsel that the appeal is frivolous and without merit. Accordingly, we grant counsel's motion to withdraw.

Although Cubriel does not raise this on appeal, we observe that one of the judgments of conviction contains a clerical error. The judgment for the retaliation conviction reflects that the offense level for that offense was a second-degree felony. Although the statute governing the offense specifies that retaliation can be a second-degree felony in two circumstances, neither of those exceptions applies here. Tex. Penal Code § 36.06(c) (providing that offense is second-degree felony when "the victim of the offense was harmed or threatened because of the victim's service or status as a juror"; or (2) actor publicly posts public servant's address or telephone number with intent to cause threat of harm and which "results in the bodily injury of a public servant or a member of a public servant's family or household"). In all other instances, the offense is a third-degree felony. *See id.*

Accordingly, the offense in question here was a third-degree felony, and consistent with that level, the punishment ranges for this offense listed in the jury charge were for a third-degree felony and a third-degree felony enhanced by a prior felony conviction. *See id.* §§ 12.33, .34, .42. Even though the punishment range was ultimately enhanced in this case due to the jury's finding of true regarding a prior felony conviction, *see id.* § 12.42, the actual offense level for the retaliation offense did not change, *see id.* § 36.06(c); *see also Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011) (explaining that section 12.42 of Penal Code "increases the punishment level only").

This Court has the authority to modify incorrect judgments when it has the information necessary to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment of conviction for retaliation to reflect that Cubriel was convicted of a third-degree felony. *See Bell v. State*, No. 03-17-00810-CR, 2018 WL 4177878, at *10 (Tex. App.—Austin Aug. 31, 2018, no pet.) (mem. op.,

3

not designated for publication) (correcting offense level in trial court's judgment); *see also Grear v. State*, No. 03-18-00787-CR, 2019 WL 5556836, at *1 (Tex. App.—Austin Oct. 29, 2019, no pet.) (mem. op., not designated for publication) (modifying judgment to correct clerical error in *Anders* context).

Having found no nonfrivolous claims to be made on appeal, we affirm the trial court's judgments of conviction for murder, failure to render aid, and tampering with evidence. Having found a clerical error in the trial court's judgment of conviction for retaliation and having modified the judgment to correct the error, we affirm that judgment as modified.

_____

Karin Crump, Justice

Before Justices Triana, Theofanis, and Crump

Count I Affirmed

Count III Affirmed

Count IV Affirmed

Count V Modified and, as Modified, Affirmed

Filed:   March 14, 2025

Do Not Publish