02-10-005&006-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00005-CR

NO. 02-10-00006-CR

 

 


 
 
 Frederick Devell Pimpton
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 297th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Frederick Devell Pimpton of aggravated robbery and
evading arrest with a vehicle and assessed his punishment at forty-five years’
confinement for the aggravated robbery conviction and six years’ confinement
for the evading arrest conviction.  The trial court sentenced Appellant
accordingly and ordered the sentences to be served concurrently.  In four
issues challenging the evading arrest conviction, Appellant contends that the
evidence is legally and factually insufficient to support a section 12.35(c)
offense and that the jury never found Appellant guilty of such an offense; that
the six-year sentence is void because it is outside the punishment range for
the “regular state jail felony” of which the jury found him guilty; and,
alternatively, that Appellant suffered egregious harm from the inclusion of an
offense enhancement paragraph in the punishment jury charge when the jury had
not convicted appellant of an aggravated state jail felony.  In his sole issue
challenging the aggravated robbery conviction, Appellant contends that the
evidence is factually insufficient to support the conviction.  Because we hold that
the evidence is sufficient to support the aggravated robbery conviction and
that the enhancement paragraph was not an offense enhancement paragraph but a
punishment enhancement paragraph, we affirm the trial court’s judgments.

I. 
Aggravated Robbery

In
his fifth issue, Appellant argues that the evidence is factually insufficient
to support his conviction for aggravated robbery.  The Texas Court of Criminal Appeals
has held that there is no meaningful distinction between the legal sufficiency
standard and the factual sufficiency standard.[2]  Thus, the Jackson
standard, which is explained below, is the “only standard that a reviewing
court should apply in determining whether the evidence is sufficient to support
each element of a criminal offense that the State is required to prove beyond a
reasonable doubt.”[3]

In our
due-process review of the sufficiency of the evidence to support a conviction,
we view all of the evidence in the light most favorable to the prosecution to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.[4]

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.[5]  The trier of fact is the
sole judge of the weight and credibility of the evidence.[6] 
Thus, when performing an evidentiary sufficiency review, we may not re-evaluate
the weight and credibility of the evidence and substitute our judgment for that
of the factfinder.[7]

Section
29.03(a)(2) of the penal code provides in relevant part that “[a]
person commits an offense if he commits robbery as defined in Section 29.02,
and he . . . uses or exhibits a deadly weapon.”[8]  A
person under the facts of this case commits robbery if “in the course of
committing theft as defined in Chapter 31 and with intent to obtain or maintain
control of the property, he . . . intentionally or knowingly
threatens or places another in fear of imminent bodily injury or death.”[9] 
Section 31.03 of the penal code provides in relevant part that “[a] person commits
an offense if he unlawfully appropriates property with intent to deprive the
owner of property,” and “[a]ppropriation of property is unlawful if . . . it
is without the owner’s effective consent.”[10]

Christopher
Steele testified that on the evening of September 12, 2007, he and his wife
walked to the Fina station near their house to get something to eat at its
deli.  The Fina station is located in Fort Worth, Tarrant County, Texas.
Christopher stated that while he was outside waiting on his food to get ready
and smoking a cigarette, Appellant approached him and asked if he would like to
look at some DVDs that Appellant was selling.  Christopher answered Appellant
affirmatively and went over to Appellant’s car.  Christopher knelt down and
browsed through a bag of DVDs lying on the ground near Appellant’s car.  Christopher
heard Appellant call to another man and began to stand up.  The car door hit Christopher
in the side.  Appellant then circled behind him.  Christopher looked to the
left and saw Appellant standing about five feet away and pointing a
semiautomatic gun in a “sideways” fashion at Christopher.  Appellant told Christopher
to empty his pockets.  Christopher did so, throwing about sixty-eight dollars and
his wallet, which contained his driver’s license and social security card, on
the ground.  Christopher testified that he turned over the property to
Appellant because he had a gun and that the gun caused Christopher to be in
imminent fear of bodily injury or death.

Christopher
told the jury that he walked away from Appellant and that he and his wife, Margaret,
called the police.  The police arrived at the Fina and questioned the Steeles
and other witnesses.  While the police were still there, Appellant was
apprehended nearby.  The police took the Steeles to the scene of the arrest,
and Christopher identified Appellant as the man who had robbed him.  Christopher’s wallet and
most of its contents (less sixty dollars) were recovered from the vehicle at
the scene.

Applying
the appropriate standard of review, we hold that the evidence is sufficient to
support Appellant’s conviction for aggravated robbery.  We overrule his fifth
issue.

II. 
Evading Arrest

In
his first four issues, Appellant essentially complains that the second
paragraph of the evading arrest indictment is not a punishment enhancement
paragraph but is instead an offense enhancement paragraph that the State did
not prove at the guilt phase.  He also contends that the jury did not find him
guilty of an enhanced state jail felony, that the evidence is insufficient to
support his conviction for an enhanced state jail felony, that the jury should
not have been charged at punishment on the enhancement paragraph, and that his
sentence is void.

The indictment alleges,

[Appellant], in the
County of Tarrant and State aforesaid, on or about the 12th day of September
2007, did

INTENTIONALLY FLEE,
USING A VEHICLE, FROM C. BRASHER, KNOWING C. BRASHER WAS A PEACE OFFICER WHO
WAS ATTEMPTING TO LAWFULLY ARREST OR DETAIN [HIM.]

STATE JAIL FELONY
ENHANCEMENT—3RD DEGREE FELONY NOTICE:  AND IT IS FURTHER PRESENTED TO SAID
COURT THAT PRIOR TO THE COMMISSION OF THE STATE JAIL FELONY . . . SET OUT
ABOVE, THE DEFENDANT WAS FINALLY CONVICTED FOR A FELONY OFFENSE LISTED IN THE
TEXAS CODE OF CRIMINAL PROCEDURE 42.12, SEC. 3g(a)(1), OR FOR WHICH THE
JUDGMENT CONTAINS AN AFFIRMATIVE FINDING OF THE USE OR EXHIBITION OF A DEADLY
WEAPON UNDER TEXAS CODE OF CRIMINAL PROCEDURE 42.12, SEC. 3g(a)(2), TO-WIT: 
ATTEMPTED MURDER, IN THE CRIMINAL DISTRICT COURT NUMBER ONE OF TARRANT COUNTY,
TEXAS, IN CAUSE NUMBER 0573468D, ON THE 18TH DAY OF MAY, 1985[.]

Section
12.35(c) provides,

(c) An individual
adjudged guilty of a state jail felony shall be punished for a third degree
felony if it is shown on the trial of the offense that:

(1) a deadly weapon
as defined by Section 1.07 was used or exhibited during the commission of the
offense or during immediate flight following the commission of the offense, and
that the individual used or exhibited the deadly weapon or was a party to the
offense and knew that a deadly weapon would be used or exhibited; or

(2) the individual
has previously been finally convicted of any felony:

(A) . . . listed in
Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; or

(B) for which the
judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12,
Code of Criminal Procedure.[11]

Relying
on dicta in State v. Webb,[12] Appellant argues that
the second paragraph of the indictment charges an offense enhancement, that is,
one that must be proved in the guilt phase, as opposed to a punishment
enhancement which is properly proved in the punishment phase.  But since
Appellant filed his brief, the Texas Court of Criminal Appeals has explained
that it erred in Webb by including the dicta upon which Appellant relies:

In Webb, we
erred to imply that Penal Code Section 12.35(c) increases the offense level.  Section
12.35(c) uses the language “shall be punished,” the same language in Penal Code
Section 12.42, which we made clear in Webb increases the punishment level
only.  When applicable, Section 12.35(c) increases the punishment level for a
12.35(a) state jail felony to a third-degree felony, but the primary offense
itself remains a state jail felony.[13]

Accordingly,
we overrule Appellant’s first issue.  Because his second issue is dependent on
the success of his first issue, we also overrule his second issue.  Finally,
because his sufficiency issues regarding the evading arrest conviction likewise
rely on the success of his first issue and raise no other complaints about the
evidence supporting his evading arrest conviction, we overrule his third and
fourth issues.

III. 
Conclusion

Having
overruled Appellant’s five issues, we affirm the trial court’s judgments.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

LIVINGSTON,
C.J. concurs without opinion.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 28, 2011









[1]See Tex. R. App. P. 47.4.





[2]Brooks v. State, 323
S.W.3d 893, 912 (Tex. Crim. App. 2010) (overruling Clewis v. State, 922
S.W.2d 126, 131–32 (Tex. Crim. App. 1996)).





[3]Id.





[4]Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).





[5]Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.





[6]See Tex. Code Crim.
Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270 S.W.3d 564, 568
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).





[7]Williams v. State,
235 S.W.3d 742, 750 (Tex. Crim. App. 2007).





[8]Tex. Penal Code Ann. §
29.03(a)(2) (West 2011).





[9]Id. § 29.02(a)(2).





[10]Id. § 31.03(a),
(b).





[11]Id. § 12.35(c).





[12]12 S.W.3d 808, 811–12
(Tex. Crim. App. 2000).





[13]Ford v. State, 334
S.W.3d 230, 234 (Tex. Crim. App. 2011).