

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00005-CR
## NO. 02-10-00006-CR

FREDERICK DEVELL PIMPTON                      APPELLANT

V.

THE STATE OF TEXAS                               STATE

----------

## FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Frederick Devell Pimpton of aggravated robbery and evading arrest with a vehicle and assessed his punishment at forty-five years' confinement for the aggravated robbery conviction and six years' confinement for the evading arrest conviction. The trial court sentenced Appellant accordingly and ordered the sentences to be served concurrently. In

---

[1]*See* Tex. R. App. P. 47.4.

four issues challenging the evading arrest conviction, Appellant contends that the evidence is legally and factually insufficient to support a section 12.35(c) offense and that the jury never found Appellant guilty of such an offense; that the six-year sentence is void because it is outside the punishment range for the "regular state jail felony" of which the jury found him guilty; and, alternatively, that Appellant suffered egregious harm from the inclusion of an offense enhancement paragraph in the punishment jury charge when the jury had not convicted appellant of an aggravated state jail felony. In his sole issue challenging the aggravated robbery conviction, Appellant contends that the evidence is factually insufficient to support the conviction. Because we hold that the evidence is sufficient to support the aggravated robbery conviction and that the enhancement paragraph was not an offense enhancement paragraph but a punishment enhancement paragraph, we affirm the trial court's judgments.

## I. Aggravated Robbery

In his fifth issue, Appellant argues that the evidence is factually insufficient to support his conviction for aggravated robbery. The Texas Court of Criminal Appeals has held that there is no meaningful distinction between the legal sufficiency standard and the factual sufficiency standard.[2] Thus, the *Jackson* standard, which is explained below, is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each

---

[2]*Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (overruling *Clewis v. State*, 922 S.W.2d 126, 131–32 (Tex. Crim. App. 1996)).

element of a criminal offense that the State is required to prove beyond a reasonable doubt."[3]

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4]

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[5] The trier of fact is the sole judge of the weight and credibility of the evidence.[6] Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder.[7]

Section 29.03(a)(2) of the penal code provides in relevant part that "[a] person commits an offense if he commits robbery as defined in Section 29.02,

---

[3]*Id.*

[4]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

[5]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778.

[6]*See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009).

[7]*Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

and he . . . uses or exhibits a deadly weapon."[8]  A person under the facts of this case commits robbery if "in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he . . . intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."[9]  Section 31.03 of the penal code provides in relevant part that "[a] person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property," and "[a]ppropriation of property is unlawful if . . . it is without the owner's effective consent."[10]

Christopher Steele testified that on the evening of September 12, 2007, he and his wife walked to the Fina station near their house to get something to eat at its deli.  The Fina station is located in Fort Worth, Tarrant County, Texas.  Christopher stated that while he was outside waiting on his food to get ready and smoking a cigarette, Appellant approached him and asked if he would like to look at some DVDs that Appellant was selling.  Christopher answered Appellant affirmatively and went over to Appellant's car.  Christopher knelt down and browsed through a bag of DVDs lying on the ground near Appellant's car.  Christopher heard Appellant call to another man and began to stand up.  The car door hit Christopher in the side.  Appellant then circled behind him.  Christopher

---

[8]Tex. Penal Code Ann. § 29.03(a)(2) (West 2011).

[9]*Id.* § 29.02(a)(2).

[10]*Id.* § 31.03(a), (b).

4

looked to the left and saw Appellant standing about five feet away and pointing a semiautomatic gun in a "sideways" fashion at Christopher. Appellant told Christopher to empty his pockets. Christopher did so, throwing about sixty-eight dollars and his wallet, which contained his driver's license and social security card, on the ground. Christopher testified that he turned over the property to Appellant because he had a gun and that the gun caused Christopher to be in imminent fear of bodily injury or death.

Christopher told the jury that he walked away from Appellant and that he and his wife, Margaret, called the police. The police arrived at the Fina and questioned the Steeles and other witnesses. While the police were still there, Appellant was apprehended nearby. The police took the Steeles to the scene of the arrest, and Christopher identified Appellant as the man who had robbed him. Christopher's wallet and most of its contents (less sixty dollars) were recovered from the vehicle at the scene.

Applying the appropriate standard of review, we hold that the evidence is sufficient to support Appellant's conviction for aggravated robbery. We overrule his fifth issue.

## II. Evading Arrest

In his first four issues, Appellant essentially complains that the second paragraph of the evading arrest indictment is not a punishment enhancement paragraph but is instead an offense enhancement paragraph that the State did not prove at the guilt phase. He also contends that the jury did not find him guilty

5

of an enhanced state jail felony, that the evidence is insufficient to support his conviction for an enhanced state jail felony, that the jury should not have been charged at punishment on the enhancement paragraph, and that his sentence is void.

The indictment alleges,

[Appellant], in the County of Tarrant and State aforesaid, on or about the 12th day of September 2007, did

INTENTIONALLY FLEE, USING A VEHICLE, FROM C. BRASHER, KNOWING C. BRASHER WAS A PEACE OFFICER WHO WAS ATTEMPTING TO LAWFULLY ARREST OR DETAIN [HIM.]

STATE JAIL FELONY ENHANCEMENT—3RD DEGREE FELONY NOTICE: AND IT IS FURTHER PRESENTED TO SAID COURT THAT PRIOR TO THE COMMISSION OF THE STATE JAIL FELONY . . . SET OUT ABOVE, THE DEFENDANT WAS FINALLY CONVICTED FOR A FELONY OFFENSE LISTED IN THE TEXAS CODE OF CRIMINAL PROCEDURE 42.12, SEC. 3g(a)(1), OR FOR WHICH THE JUDGMENT CONTAINS AN AFFIRMATIVE FINDING OF THE USE OR EXHIBITION OF A DEADLY WEAPON UNDER TEXAS CODE OF CRIMINAL PROCEDURE 42.12, SEC. 3g(a)(2), TO-WIT: ATTEMPTED MURDER, IN THE CRIMINAL DISTRICT COURT NUMBER ONE OF TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 0573468D, ON THE 18TH DAY OF MAY, 1985[.]

Section 12.35(c) provides,

(c) An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that:

(1) a deadly weapon as defined by Section 1.07 was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited; or

(2) the individual has previously been finally convicted of any felony:

> (A) . . . listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; or

> (B) for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure.[11]

Relying on dicta in *State v. Webb*,[12] Appellant argues that the second paragraph of the indictment charges an offense enhancement, that is, one that must be proved in the guilt phase, as opposed to a punishment enhancement which is properly proved in the punishment phase. But since Appellant filed his brief, the Texas Court of Criminal Appeals has explained that it erred in *Webb* by including the dicta upon which Appellant relies:

> In *Webb*, we erred to imply that Penal Code Section 12.35(c) increases the offense level. Section 12.35(c) uses the language "shall be punished," the same language in Penal Code Section 12.42, which we made clear in *Webb* increases the punishment level only. When applicable, Section 12.35(c) increases the punishment level for a 12.35(a) state jail felony to a third-degree felony, but the primary offense itself remains a state jail felony.[13]

Accordingly, we overrule Appellant's first issue. Because his second issue is dependent on the success of his first issue, we also overrule his second issue. Finally, because his sufficiency issues regarding the evading arrest conviction

---

[11]*Id*. § 12.35(c).

[12]12 S.W.3d 808, 811–12 (Tex. Crim. App. 2000).

[13]*Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011).

likewise rely on the success of his first issue and raise no other complaints about the evidence supporting his evading arrest conviction, we overrule his third and fourth issues.

## III. Conclusion

Having overruled Appellant's five issues, we affirm the trial court's judgments.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

LIVINGSTON, C.J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 28, 2011