

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00148-CR

DAVID NICKOLAS ARMSTRONG, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CR19652

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

David Nickolas Armstrong was convicted by a jury of the third-degree-felony offense of evading arrest or detention with a motor vehicle. The trial court made a deadly-weapon finding, and Armstrong's punishment range was enhanced as a habitual offender. He was sentenced to fifty years' confinement. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2016), § 12.42(d) West Supp. 2018). Armstrong appeals.[1]

Armstrong's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Providing a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, counsel's effort meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal. Counsel provided Armstrong with a copy of the brief, the appellate record, and the motion to withdraw. Counsel also informed Armstrong of his right to review the record and file a pro se response.

---

[1]Originally appealed to the Second Court of Appeals in Fort Worth, this case was transferred to this Court by the Texas Supreme Court pursuant to Section 73.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Although Armstrong was provided with a proposed motion for access to the appellate record and was advised of the deadline in which to file the motion, he did not file any such motion or otherwise seek access to the appellate record in this case. Armstrong was further advised that his pro se response was due on or before February 8, 2019. When we did not receive, by that deadline, any pro se response from Armstrong or any motion requesting an extension of time in which to file such a response, we advised Armstrong that this case would be submitted to the Court for decision on March 4, 2019. We have not received a pro se response from Armstrong or a motion requesting additional time in which to file such a response.

In *Anders* cases, however, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). The trial court's judgment lists the degree of offense as a "Third Degree Felony Enhanced to Habitual Offender." Although Armstrong was convicted of a third-degree felony, his punishment range was enhanced to that of a habitual offender. The enhancement changed only the permissible punishment range; it did not change the classification of the offense. TEX. PENAL CODE ANN. § 12.42(d); *Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011). The degree of offense, therefore, should properly be listed as a third-degree felony.

We have independently reviewed the clerk's and reporter's records, and we agree that no reversible error exists. Accordingly, we modify the trial court's judgment to reflect the proper degree of offense as a third-degree felony, without further description in that field.

3

In the *Anders* context, once we determine that the appeal is without merit and is frivolous, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738.

We affirm the trial court's judgment, as modified.[2]

Josh R. Morriss, III
Chief Justice

Date Submitted:     March 4, 2019
Date Decided:       March 13, 2019

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.