

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-21-00044-CR
_____

### FANTHA DALE JOHNSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 49528-A

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____
*Jack Carter, Justice, Retired, Sitting by Assignment

# MEMORANDUM OPINION

Fantha Dale Johnson entered an open plea of guilty to possession of more than four but less than 200 grams of methamphetamine. After he pled true to the State's enhancement allegation, the trial court sentenced Johnson to twelve years' imprisonment. Johnson appeals.

Johnson's attorney has filed a brief stating that she has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, the requirements of *Anders v. California* have been met. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On November 15, 2021, counsel mailed to Johnson copies of the brief and the motion to withdraw, included a motion for pro se access to the appellate record lacking only Johnson's signature, and informed Johnson of his rights to review the record and file a pro se response. On November 16, this Court informed Johnson that a signed motion for pro se access to the appellate record was due on or before December 1. By letter dated January 4, 2022, this Court informed Johnson that any pro se response was due on or before February 3. On February 18, this Court further informed Johnson that the case would be set for submission on the briefs on

March 11. We received neither a pro se response from Johnson nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, non-reversible error exists in both the judgment and the bill of costs. In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

First, the judgment mistakenly recites that Johnson was convicted of a first-degree felony. However, possession of four or more but less than 200 grams of methamphetamine is a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Supp.). Due to the State's punishment enhancement allegation, Johnson's second-degree felony became punishable as a first-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(b). Even so, "statutes enhancing punishment ranges for the primary offense do 'not increase the severity level or grade of the primary offense.'" *Bledsoe*, 480 S.W.3d at 642 n.11 (quoting *Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011)). As a result, although the State's punishment enhancement allegation elevated Johnson's range of punishment, the degree of offense remained the same. We, therefore, modify the trial court's judgment to reflect that Johnson was convicted of a second-degree felony.

3

Next, the bill of costs imposes a $15.00 time payment fee, which is incorporated in the trial court's judgment ordering Johnson to pay that fee. The Texas Court of Criminal Appeals has concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee[s] in this case would be premature because appellate proceedings are still pending." *Id.*

We modify the trial court's judgment to reflect that Johnson was convicted of a second-degree felony. We further modify the judgment and the bill of costs to delete the $15.00 time payment fee. As modified, we affirm the judgment.[1]

Josh R. Morriss, III
Chief Justice

Date Submitted:    March 11, 2022
Date Decided:      April 21, 2022

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.