# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00763-CR

**Andres Dominguez, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2020-354, THE HONORABLE STEPHANIE BASCON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Andres Dominguez, Jr. was found guilty by a jury of the offense of tampering with physical evidence and was sentenced to twelve years' confinement in the Texas Department of Criminal Justice—Institutional Division. *See* Tex. Penal Code § 37.09(c); *see also id.* § 12.42(a).

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 86-87 (1988).

Appellant's counsel has represented to the Court that he has provided copies of the motion and brief to appellant; advised appellant of his right to examine the appellate record

and file a pro se response; and provided appellant with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-21 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. Appellant requested access to the appellate record, and pursuant to this Court's order, the Comal County District Clerk provided written verification to this Court that a copy of the appellate record was sent to appellant by certified mail on May 15, 2023. To date, appellant has not filed a pro se response or requested an extension of time to file a response.

We have conducted an independent review of the record, including appellate counsel's briefs, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous.

We note, however, that the judgment of conviction contains two non-reversible errors. First, the record reflects that Dominguez pleaded "not guilty," and to the extent that the judgment suggests that that Dominguez entered into a plea bargain with the State, it is incorrect. Second, the judgment of conviction states that Dominguez was convicted of a "third degree enhanced to second degree" felony. Although the punishment range for an offense may be enhanced by proof of a prior felony conviction, the enhancement does not affect the grade of the primary offense. *See Ford v. State*, 334 S.W.3d 230, 234-35 (Tex. Crim. App. 2011). Therefore, to the extent the judgment suggests that Dominguez was convicted of a second-degree offense, it is incorrect.

Appellate courts are authorized to modify an incorrect judgment when the information necessary to do so is available. *Figueroa v. State*, 250 S.W.3d 490, 517 (Tex.

2

App.—Austin 2008, pet. ref'd). That authority to modify extends to judgments in *Anders* cases when the modification will not result in a reversal of the judgment. *Brunson v. State*, No. 03-22-00434-CR, 2023 Tex. App. LEXIS 5672, at *4 (Tex. App.—Austin Aug. 1, 2023, no pet. h.) (mem. op., not designated for publication); *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.); *Stafford v. State*, No. 13-20-00324-CR, 2021Tex. App. LEXIS 4618, at *3 (Tex. App.—Corpus Christi-Edinburg June 10, 2021, no pet.) (mem. op., not designated for publication) *see Gonzales-Ortiz v. State*, No. 03-21-00532-CR, No. 03-21-00533-CR, 2022 Tex. App. LEXIS 9184, at *4 (Tex. App.—Austin Dec. 16, 2022, no pet.) (mem. op., not designated for publication) (modifying judgment to remove unauthorized court costs in *Anders* appeal). Accordingly, we modify the judgment of conviction to (1) delete the recited statement under the "Terms of Plea Bargain" heading, and (2) under the "Degree of Offense" heading, replace the language "third degree enhanced second degree felony" with "third degree felony (enhanced for punishment to second degree felony)."

We affirm the judgment of conviction, modified as described above, and grant counsel's motion to withdraw.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Modified and, as Modified, Affirmed

Filed: August 25, 2023

Do Not Publish