

IN THE
TENTH COURT OF APPEALS

No. 10-17-00168-CR

ERIC VINCENT WRIGHT,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2015-1902-C1

MEMORANDUM OPINION

A jury convicted Appellant Eric Vincent Wright of failure to register as a sex offender and assessed his punishment at life imprisonment as a habitual felon. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(2) (West Supp. 2017); TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2017). This appeal ensued. We affirm the trial court's judgment as modified.

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), Wright's court-appointed appellate counsel filed a brief and motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Wright's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on Wright; and (3) informed Wright of his right to review the record and to file a *pro se* response.[1] *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also Schulman*, 252

---

[1] Counsel has informed this Court that he has provided the appellate record to Wright. *See Kelly v. State*, 436 S.W.3d 313, 321-22 (Tex. Crim. App. 2014).

S.W.3d at 409 n.23. More than an adequate period of time has passed, and Wright has not filed a *pro se* response. *See Schulman*, 252 S.W.3d at 409.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

Although we have found nothing that would arguably support an appeal, we conclude that the judgment requires modification. It incorrectly lists the degree of offense as a second-degree felony.

In *Anders* cases, appellate courts have the authority to reform judgments and affirm as modified in cases where there is non-reversible error. *Ferguson v. State*, 435 S.W.3d 291, 293-94 (Tex. App.—Waco 2014, pet. struck). The offense of failure to register as a sex offender is a third-degree felony if, as in this case, the person who is required to register has a duty to verify registration annually for life. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2). The State's enhancement and habitual allegations were used to increase Wright's punishment range, but they did not change the classification of the offense. *See*

TEX. PENAL CODE ANN. § 12.42(d); *Ford v. State*, 334 S.W.3d 230, 234-35 (Tex. Crim. App. 2011). Therefore, we modify the trial court's judgment to reflect the proper degree of offense as that of a third-degree felony. The judgment of the trial court is affirmed as modified.

In accordance with *Anders*, Wright's attorney has asked this Court for permission to withdraw as counsel for Wright. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also Schulman*, 252 S.W.3d at 408 n.17 (quoting *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.")). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Wright and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[2] No substitute counsel will be appointed. Should Wright wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or from the date the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *see also Schulman*, 252 S.W.3d at 409 n.22.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed as modified
Opinion delivered and filed April 4, 2018
Do not publish
[CRPM]

