

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00219-CR
_____

EX PARTE BRIAN L. RINEHART

On Appeal from the 249th District Court
Johnson County, Texas[1]
Trial Court No. DC-F201700145-C, Honorable D. Wayne Bridewell, Presiding

February 8, 2021

OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Brian Lee Rinehart, proceeding pro se, appeals the trial court's denial of his application for writ of habeas corpus relief filed under article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015). Appellant contends that his sentence of ten years' community supervision was unlawful and that this illegal sentence could not be cured by the sentencing court's reformation of the sentence. Based on this alleged illegal sentence, appellant contends that he is being

---

[1] Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). In the event of any conflict, we apply the law of the transferor court. TEX. R. APP. P. 41.3.

unlawfully restrained of his liberty and that the trial court erred in denying his application for writ of habeas corpus. We affirm the trial court's order denying appellant's application.

Factual and Procedural Background

On August 3, 2017, as part of a plea bargain,[2] appellant pled guilty to one count of burglary of a building and true to allegations of two prior felony convictions. In accordance with the terms of the plea bargain, the trial court found appellant guilty and sentenced him to ten years' incarceration suspended for a period of ten years. Appellant did not timely appeal this conviction or sentence.

Appellant filed an application for writ of habeas corpus on February 15, 2019, in which he claimed, *inter alia*, that his charged offense carried a maximum sentence of five years of community supervision and, therefore, the trial court's order placing appellant on ten years' community supervision was illegal. The State initially agreed with appellant's contention concerning the illegal sentence but denied other claims asserted by appellant. By order dated February 28, 2019, the trial court denied appellant's application but found the ten-year community supervision period was unlawful and ordered the period of appellant's community supervision reformed to five years.

On May 21, 2020, appellant filed a second application for writ of habeas corpus challenging the voluntariness of his plea due to the issue regarding the appropriateness of the length of his sentence, the trial court's reforming the sentence without appellant's agreement, the effectiveness of trial counsel in negotiating an "illegal sentence," and the

---

[2] While not fully established by the record, the State contends that this plea bargain was part of a larger plea bargain involving a total of five cause numbers and that "the concessions achieved by defense counsel in these cases greatly overshadowed the period of probation ordered by the trial court" in the present case.

2

trial court's order requiring appellant to repay appointed counsel's attorney's fees. By order of June 8, the trial court denied the application on the "face of the application." It is from this order that appellant appeals.

Appellant presents three issues by his appeal. However, these issues contain multiple arguments. By his first issue, appellant argues that his plea bargain was involuntary because the sentence assessed was unlawful and the trial court's reformation was made without appellant's agreement in violation of contract principles. Appellant's second issue argues that the trial court abused its discretion by not allowing appellant to withdraw his guilty plea after the sentence was established to be illegal, the trial court cannot reform the plea agreement if the agreement was void, it was a violation of due process not to require specific performance of the original plea agreement, and it was a violation of due process to order appellant to repay appointed attorney's fees without first holding a hearing on appellant's ability to pay these costs. By his third issue, appellant argues that counsel at the plea hearing was ineffective because he negotiated an invalid sentence and the trial court violated appellant's right to counsel by failing to appoint an attorney to assist him in pursuing the instant habeas proceeding.

Validity of Initial Sentence

The issue underlying many of appellant's arguments is whether the ten-year period of community supervision which was initially ordered was unlawful.[3] Consequently, we

---

[3] While appellant presents his argument in terms of the illegality of his ten-year community supervision sentence, "community supervision is not a sentence or even a part of a sentence." *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999) (en banc). However, under article 42A.053(d)(2)(B)(i) of the Texas Code of Criminal Procedure, it would be invalid for a trial court to place a defendant on community supervision for a period longer than five years following a conviction of a third-degree felony under Title 7 of the Texas Penal Code. TEX. CODE CRIM. PROC. ANN. art. 42A.053(d)(2)(B)(i) (West 2018).

will begin by addressing the validity of appellant's initial ten-year period of community supervision.

On August 3, 2017, the trial court entered judgment finding appellant guilty of the state jail felony offense of burglary of a building.[4]  TEX. PENAL CODE ANN. § 30.02(c)(1) (West 2019).  However, the offense is punished as a third-degree felony when the defendant has been twice convicted of prior state jail felonies.  *Id*. § 12.425(a) (West 2019).  This provision enhances the applicable punishment range for repeat and habitual felony offenders but does not alter the level of the charged offense.  *Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011).  The applicable range of punishment for a third-degree felony includes a term of imprisonment between two and ten years.  TEX. PENAL CODE ANN. § 12.34(a) (West 2019).  Since appellant could be sentenced to a term of imprisonment not to exceed ten years, the trial court was authorized to suspend his sentence and order appellant to serve ten years of community supervision.  TEX. CODE CRIM. PROC. ANN. art. 42A.053(c)(1).  Consequently, appellant was not charged with a third-degree felony under Title 7 of the Penal Code and, therefore, the trial court was not

---

[4] The judgment erroneously identified the degree of offense as a third-degree felony for the offense of "burglary of building with 2 prior state jail convictions (enh)."  The offense of burglary of a building other than a habitation is a state jail felony.  TEX. PENAL CODE ANN. § 30.02(c)(1).  This Court has the power to modify incorrect judgments to make the record speak the truth when we have the necessary information to do so.  *See* TEX. R. APP. P. 43.2(b); *Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (en banc)).  Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record.  *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).  The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court."  *Id.* at 529-30.  This Court can reform an erroneous judgment even when the judgment comes before us in the context of an appeal of a ruling on an application for writ of habeas corpus.  *See Ex parte Saldana*, No. 13-17-00462-CR, 2018 Tex. App. LEXIS 8274, at *20-21 (Tex. App.—Corpus Christi Oct. 11, 2018, no pet.) (mem. op., not designated for publication) (modifying judgment in appeal from grant of habeas corpus application to reflect the fine that was orally pronounced by the trial court).  Because we conclude that the underlying judgment erroneously identifies the burglary of a building offense as a third-degree felony, we modify this judgment to reflect that the offense was a state jail felony.

limited to a maximum period of community supervision of five years. *See id.* art. 42A.053(d)(2)(B)(i). We conclude that the original order placing appellant on community supervision for a period of ten years was valid in a case involving a conviction for the offense of burglary of a building other than a habitation enhanced by two prior state jail felonies.

Our determination that the original imposition of a ten-year period of community supervision is not invalid overrules certain of appellant's arguments that are premised on his contention that the sentence is illegal. Appellant's contention that his plea was involuntary because the term of probation was unlawful is overruled. Likewise, appellant's contention that the trial court abused its discretion by not allowing appellant to withdraw his plea due to the sentence being illegal is overruled. Also, appellant's contention that the State should be obliged to specifically perform its agreement is overruled because the State performed its duty by recommending a valid period of community supervision. Finally, appellant's contention that trial counsel was ineffective because counsel negotiated an illegal plea is overruled.

Reformation of the Sentence

Appellant asserted in his first application for writ of habeas corpus that the trial court's order placing him on ten years' community supervision was illegal. In response to appellant's application, the State initially conceded error in the sentencing. The trial court entered an order on February 28, 2019, denying appellant's application for habeas relief but reforming the ten-year community supervision period to five years. Consequently, even though we have already determined that the ten-year community

5

supervision period in this case is valid, we must assess whether appellant is entitled to relief due to the trial court's reformation of appellant's sentence.

Clearly, this is an unusual situation in which the trial court, without a motion to revoke, reduced the period of appellant's community supervision. Because of the unusual nature of this situation, we have not found any case law regarding the propriety of the trial court's action. Without surprise, the parties have not identified any case law applicable to the current situation. Nonetheless, even were we to assume that the trial court erred in reducing the period of appellant's community supervision, appellant has failed to establish his entitlement to habeas corpus relief because he has not established that he was harmed by the trial court's action. *See Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013) ("an applicant must show harm to obtain habeas relief . . . ."). Appellant argues that he is harmed by the reduction in the duration of time he will be on community supervision because it will deprive him of the opportunity to complete the terms and conditions of his community supervision before the period expires. According to appellant, this harm will occur because he is currently imprisoned and anticipates that he will remain incarcerated until after the five-year period expires. However, appellant's claim of harm is purely speculative. His argument is that, if he does not get released relatively soon, he will be unable to complete his ordered services and then the trial court will revoke his community supervision. However, this argument makes multiple assumptions regarding future events about which there is no record evidence, including that appellant will not be released in sufficient time to allow him to fully comply with his community supervision terms and conditions, that the State will file a motion to revoke his community supervision if he does not complete all terms and conditions, and that the trial

6

court will revoke appellant's community supervision if he has not completed the terms and conditions of his community supervision. Because the trial court could not grant habeas corpus relief due to harm that may transpire in the future, we overrule appellant's contention that the trial court erred in not granting habeas relief on the basis of the reformation of his community supervision period to five years.

## Appointment of Counsel

Appellant contends that it was error for the trial court not to appoint him counsel to assist him in preparing his challenge to the reformed period of community supervision because the reformation constitutes a critical stage of prosecution. The Sixth Amendment to the United States Constitution guarantees that, in all criminal prosecutions, the accused shall enjoy the right to have the assistance of counsel for his defense.[5] U.S. CONST. amend. VI. The right to counsel attaches "at all critical stages of prosecution . . . ." *Westbrook*, 29 S.W.3d at 117. However, writs of habeas corpus have been expressly determined not to constitute critical stages of a criminal case and, therefore, do not require appointment of counsel. *Ex parte Graves*, 70 S.W.3d 103, 111 (Tex. Crim. App. 2002). We are aware of the exception created by article 11.074(b) of the Code of Criminal Procedure, but appellant does not meet any of the applicable conditions because the State has not represented that appellant was not guilty, guilty only of a lesser-included offense, or convicted of an offense that has been found unconstitutional by the United States Supreme Court or the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.074(b) (West Supp. 2020). As such, we conclude that the trial court

---

[5] This right of counsel is made applicable to state felony prosecutions by the Due Process Clause of the Fourteenth Amendment. *See Westbrook v. State*, 29 S.W.3d 103, 117 (Tex. Crim. App. 2000) (citing *Gideon v. Wainwright*, 372 U.S. 335, 344-45, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963)).

did not violate appellant's due process rights when it failed to appoint him counsel to assist him in filing his application for writ of habeas corpus.

Order Requiring Appellant to Pay for Court-Appointed Attorney's Fees

Finally, appellant contends that the trial court ordered him to repay court-appointed attorney's fees without first determining his ability to pay those costs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2020). However, a review of the appellate record reflects that the only place where any attorney's fee reimbursement is referenced expressly is in a "Case Transaction Summary" attached to appellant's application.[6] However, this summary is not certified or sworn. As such, the record does not reflect that appellant was ordered to repay court-appointed attorney's fees in the underlying case at all.[7] Further, the record reflects that appellant did not file any sort of hearing records that could establish that the trial court failed to hold a hearing on appellant's ability to pay attorney's fees before ordering appellant to repay them if, in fact, it did order that they be repaid. Consequently, the trial court did not have sufficient record evidence to allow it to reform the judgment to remove any reimbursement of attorney's fees that may have been ordered in the judgment and, clearly, this Court does not have sufficient evidence before it to allow reformation to insure that "the record speak the truth." *See* TEX. R. APP. P. 43.2(b); *Ramirez*, 336 S.W.3d at 852 (citing *Bigley*, 865 S.W.2d at 27-28). We overrule

---

[6] The record contains a certified bill of costs that does order appellant to pay $550 as reimbursement for court-appointed attorney's fees, but this bill of costs relates to trial court cause number F46964, which was a conviction for possession of a controlled substance that was entered on the same date as the underlying burglary of a building conviction. There is no certified or sworn order for appellant to repay court-appointed attorney's fees in the underlying burglary case.

[7] Because the appellate record in this case did not initially contain a certified copy of the underlying judgment, this Court ordered the district clerk to file a supplemental clerk's record containing a certified copy of the judgment. This supplemental clerk's record does not contain a bill of costs reflecting that appellant was ordered to reimburse court-appointed attorney's fees.

appellant's contention that the trial court erred in failing to reform the original judgment to remove any order that appellant repay court-appointed attorney's fees.

Conclusion

Having determined that the underlying judgment erroneously identifies the burglary of a building offense as a third-degree felony, we modify this judgment to reflect that the offense was a state jail felony. We affirm the trial court's order denying appellant's application for habeas relief.

Judy C. Parker
Justice

Publish.