

# NUMBER 13-20-00324-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALTON STAFFORD,                                                                    Appellant,

v.

THE STATE OF TEXAS,

Appellee.

On appeal from the 24th District Court
of De Witt County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

Appellant Alton Stafford appeals a judgment revoking his community supervision and adjudicating him guilty of possession of methamphetamine in an amount of four grams or more but less than 200 grams, a second-degree felony enhanced for

punishment to a first-degree felony by Stafford's prior felony conviction. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d); TEX. PENAL CODE ANN. § 12.42(b). The trial court sentenced Stafford to eight years' imprisonment. Stafford's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal but identifying a clerical error in the judgment. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm as modified.

## I.    *ANDERS* **BRIEF**

Pursuant to *Anders v. California*, Stafford's court-appointed appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and has found no non-frivolous grounds for appeal. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), Stafford's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court in writing that he has: (1)

notified Stafford that counsel has filed an *Anders* brief and a motion to withdraw; (2)

provided Stafford with copies of both pleadings; (3) informed Stafford of his rights to file

a pro se response,[1] review the record preparatory to filing that response, and seek

discretionary review if the court of appeals concludes that the appeal is frivolous; and (4)

provided Stafford with a form motion for pro se access to the appellate record, lacking

only Stafford's signature and the date and including the mailing address for the court of

appeals, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744;

*Kelly*, 436 S.W.3d at 318–19; *see also In re Schulman*, 252 S.W.3d at 409 n.23. An

adequate amount of time has passed, and Stafford has not filed a pro se response.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the

proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S.

75, 80 (1988). We have reviewed the entire record and counsel's brief and found nothing

that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28

(Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion

that it considered the issues raised in the briefs and reviewed the record for reversible

error but found none, the court of appeals met the requirement of Texas Rule of Appellate

Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. However, Stafford's attorney has brought

to the Court's attention a clerical error in the judgment regarding the degree of the

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

convicted offense.

We have the authority to modify a judgment in an *Anders* case and affirm the judgment as modified where there is no reversible error. *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck); *see* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (holding that "an appellate court has authority to reform a judgment . . . to make the record speak the truth when the matter has been called to its attention by any source"); *see also Allen v. State*, No. 06-20-00072-CR, 2021 WL 55640, at *2 (Tex. App.—Texarkana Jan. 7, 2021, no pet.) (mem. op., not designated for publication) (modifying the judgment in an *Anders* appeal to reflect that the appellant's conviction was for a state-jail felony punishable as a second-degree felony). Here, the judgment notes that the degree of the offense for which Stafford was convicted is a first-degree felony. However, Stafford was convicted of a second-degree felony enhanced for punishment to a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d); TEX. PENAL CODE ANN. § 12.42(b). Although the punishment range for an offense may be enhanced by proof of a prior felony conviction, the enhancement does not affect the grade of the primary offense. *See Ford v. State*, 334 S.W.3d 230, 234–35 (Tex. Crim. App. 2011). Therefore, to the extent the judgment in this case suggests that Stafford was convicted of a first-degree offense, it is incorrect. *See id.*; *see also Garrett v. State*, No. 03-17-00031-CR, 2017 WL 3897324, at *2 (Tex. App.—Austin Aug. 31, 2017, no pet.) (mem. op., not designated for publication).

Accordingly, we modify the judgment adjudicating guilt to reflect that the degree of the offense for which Stafford was convicted is a second-degree felony enhanced for

punishment to a first-degree felony. *See* TEX. R. APP. P. 43.2(b).

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, Stafford's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) (citations omitted))). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Stafford and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV.    CONCLUSION

We modify the trial court's judgment to reflect that the degree of the offense for which Stafford was convicted is a second-degree felony enhanced for punishment to a first-degree felony. We affirm the trial court's judgment as modified.

---

[2] No substitute counsel will be appointed. Should Stafford wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

LETICIA HINOJOSA
Justice

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2 (b).

Delivered and filed on the
10th day of June, 2021.