

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00450-CR

BRANDON DEAN SAUNDERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 198th District Court
Bandera County, Texas[1]
Trial Court No. CR-22-127, Honorable Albert D. Pattillo, III, Presiding

July 11, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

A jury convicted Appellant, Brandon Dean Saunders, of possessing one to four grams of methamphetamine.[2]  With his punishment range enhanced by two prior felony

---

[1] This appeal was originally filed in the Fourth Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001.  In the event of any conflict, we apply the transferor court's case law.  TEX. R. APP. P. 41.3.

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.115(a),(c).

convictions,[3] the trial court sentenced him to fifty years in prison. Appellant presents three issues on appeal, which we overrule. We modify the judgment to correct a clerical error and, as modified, affirm the judgment of the trial court.

## Background

On appeal, Appellant does not challenge the sufficiency of the evidence, so we mention only background facts relevant to the disposition of this case. An August 9, 2022 indictment charged Appellant with possessing one to four grams of methamphetamine. Enhancement paragraphs alleged prior felony convictions for possession of a controlled substance and evading arrest with a vehicle. During the guilt-innocence phase before the jury, the State presented a sheriff's department investigator and a crime lab report from the Texas Department of Public Safety that detailed the analysis of the substance found in Appellant's possession. The investigator testified from the report that the substance contained methamphetamine and weighed 1.23 grams.

After the jury found Appellant guilty of the charged offense, punishment was tried to the bench. Following the sentencing hearing at which Appellant testified, the trial court imposed the noted sentence of confinement. This appeal followed.

---

[3] TEX. PENAL CODE ANN. § 12.42(d) (increasing range of punishment to twenty-five to ninety-nine years of confinement). An offense "punished as" a higher offense raises the level of punishment, not the degree of the offense. *Oliva v. State,* 548 S.W.3d 518, 526–27 (Tex. Crim. App. 2018).

**Analysis**

First and Second Issues

By his first issue, Appellant contends the trial court abused its discretion when Johnson, who was neither the lab-test analyst nor connected with the DPS crime lab, testified about the test results, allegedly in violation of Appellant's right to confrontation under the Sixth Amendment.  In his second issue, Appellant argues the trial court erred in admitting evidence of an extraneous charge during the sentencing phase without giving defense counsel the required notice under Code of Criminal Procedure article 37.07.  The State counters that neither of these complaints was preserved for appellate review.  We agree with the State.

Preservation of error requires the complaining party to make a timely objection or request, notifying the trial court of the grounds for the objection.  TEX. R. APP. P. 33.1(a); *Grado v. State,* 445 S.W.3d 736, 739 (Tex. Crim. App. 2014).  This provides the trial court an opportunity to timely correct any error.  TEX. R. APP. P. 33.1(a); *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001).  Failure to properly raise an objection forfeits appellate review of the complaint.  *Id*.  Even complaints about alleged constitutional violations may be forfeited.  *Grado,* 445 S.W.3d at 739.

Here, the failure to timely object to a claimed violation of the confrontation clause forfeited the issue for appellate review.[4]  *Boyd v. State*, No. 04-17-00193-CR, 2018 Tex.

---

[4] After the State rested its case, Appellant argued in a motion for directed verdict that Johnson was not qualified to testify about the methamphetamine's character and the lab technician was not produced as a witness.  This motion did not preserve the violation-of-confrontation-clause complaint for two reasons: it was not timely, and it did not specify the substance of the current complaint.

3

App. LEXIS 4703, at *19 (Tex. App.—San Antonio June 27, 2018, no pet.) (mem. op., not designated for publication). Likewise, Appellant also forfeited his complaint that the trial court erred by allowing evidence at sentencing of an extraneous offense because proper statutory notice was not given. *See Ifechukwu v. State,* No. 14-10-00405-CR, 2011 Tex. App. LEXIS 6183, at *15–17 (Tex. App.—Houston [14th Dist.] Aug. 9, 2011, pet. ref'd) (mem. op., not designated for publication). Appellant's first and second issues are overruled.

Third Issue: Ineffective Assistance of Counsel

In his third issue, Appellant contends his trial counsel rendered ineffective assistance by failing to adequately participate in the preparation of the presentence investigation report. Appellant argues that counsel's performance fell below an objective standard of reasonableness because counsel spoke with the probation officer only once despite multiple attempts by the officer to contact him. Further, counsel did not obtain a copy of the report until the morning of sentencing, despite notice thirteen days earlier of its availability, and did not attempt to add documents or participate in the pre-sentence investigation until after receiving the completed report. According to Appellant, the resulting final report contained errors and omissions[5] that could have been avoided had counsel taken a more active role.

---

[5] These complaints include the report's reference to Appellant as an active member of the Crips gang, which Appellant denies, and mention of offenses and arrests Appellant claims did not occur. Additionally, Appellant points to a lack of mitigation evidence, which he had to present through testimony at sentencing. Appellant contends that because his attorney did not challenge the report until the hearing, Appellant's credibility was questioned because it was his word against the probation officer's.

4

To prevail on an ineffective assistance of counsel claim under *Strickland v. Washington,*[6] an appellant must satisfy two prongs: (1) that his counsel's conduct was objectively deficient, and (2) that the deficient performance prejudiced his defense. *Pate v. State,* No. 07-15-00397-CR, 2017 Tex. App. LEXIS 8447, at *13 (Tex. App.—Amarillo Sept. 6, 2017, pet. ref'd) (mem. op., not designated for publication). Under the first prong, we determine whether counsel was acting as "a reasonably competent attorney" would under the circumstances. *Id.* (citing *Strickland,* 466 U.S. at 687). The right to counsel does not ensure error-free representation. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983) (per curiam). An appellant must overcome "a strong presumption" that counsel's actions were within the wide range of reasonable assistance, "and that the challenged action might be considered a sound trial strategy." *Mahan v. State,* No. 04-22-00147-CR, 2023 Tex. App. LEXIS 19, at *4 (Tex. App.—San Antonio Jan. 4, 2023, no pet.) (mem. op., not designated for publication) (cleaned up). To defeat this presumption, any claim of ineffectiveness must be firmly founded in the record. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). To satisfy *Strickland's* second prong, an appellant must show that the deficient performance was prejudicial, meaning "there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *In re B.V.,* No. 04-18-00857-CV, 2019 Tex. App. LEXIS 6068, at *7 (Tex. App.—San Antonio July 17, 2019, no pet.) (mem. op.). The appellant must prove that counsel's errors, judged by the totality of the representation, denied him a fair trial. *Stephenson v. State,* No. 04-22-00031-CR, 2023 Tex. App. LEXIS 4801, at *25 (Tex. App.—San Antonio July 5, 2023, pet. ref'd) (mem. op., not designated for publication).

---

[6] 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984).

5

For alleged sentencing errors, the appellant must show a reasonable probability that, but for counsel's errors, a more favorable sentence would have been imposed. *Nolan v. State,* No. 07-22-00142-CR, 2023 Tex. App. LEXIS 6580, at *5–6 (Tex. App.—Amarillo Aug. 24, 2023, pet. ref'd) (mem. op., not designated for publication).

Generally, counsel should have an opportunity to explain his or her actions before being deemed ineffective. *Rylander v. State,* 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Thus, if the record on appeal does not contain specific explanations for counsel's actions, it will rarely be sufficient for fairly evaluating a claim of ineffective assistance. *See Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

There was no motion for a new trial hearing, so we have no record of counsel's reasons for making certain decisions during the presentence investigation process. On this record, we are unable to say trial counsel's level of participation was so deficient that no competent attorney would have engaged in it. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Because Appellant fails to satisfy *Strickland's* first prong, we overrule Appellant's third issue.

<u>Error in the Written Judgment</u>

On or own review of the record, we observe that the written judgment of conviction states under the degree of offense heading: "Degree of Offense: 3rd Degree Enh to 1st degree (25-Life)." We interpret this language to mean that the trial court enhanced Appellant's conviction to a first degree offense from a third degree offense. However, the level or grade of the convicting offense should have remained a third degree felony. *See Ford v. State,* 334 S.W.3d 230, 234–35 (Tex. Crim. App. 2011) ("Penal Code Section 12.42

increases the range of punishment applicable to the primary offense; it does not increase the severity level or grade of the primary offense." (cleaned up)).

This Court has authority to modify incorrect judgments when the necessary information is available. *See* TEX. R. APP. P. 43.2(b) (authorizing court of appeals to modify trial court's judgment and affirm it as modified); *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (concluding that Texas Rules of Appellate Procedure empower courts of appeals to reform judgments). Accordingly, we modify the judgment to correctly reflect that the degree of offense is a "3rd Degree Felony (enhanced for punishment to 25-Life)." *See Aragon v. State*, Nos. 07-18-00367-CR, 07-18-00368-CR, 07-18-00369-CR, 2019 Tex. App. LEXIS 5053, at *7–9 (Tex. App.—Amarillo June 18, 2019, pet. ref'd) (mem. op., not designated for publication); *Dominguez v. State,* No. 03-22-00763-CR, 2023 Tex. App. LEXIS 6594, at *2–3 (Tex. App.—Austin Aug. 25, 2023, no pet.) (mem. op., not designated for publication).

**Conclusion**

Having overruled Appellant's three issues and modified the judgment as noted, we affirm the judgment of the trial court as modified.

Lawrence M. Doss
Justice

Do not publish.